HUNGERFORD *v.* SPALDING *et al.,* executors.

No. 11518. NOVEMBER 14, 1936.

*Harold Hirsch, Marion Smith,* and *J. Richard Bowden,* for plaintiff in error.

*Colquitt, MacDougald, Troutman & Arkwright* and *J. A. Branch,* contra.

PER CURIAM. The petition for probate of the will did not allege that the decedent owned real estate in Fulton County. It merely alleged that she owned real estate and personal property in the State of Georgia. However, the mere ownership of real estate in Fulton County would not confer jurisdiction upon the court of ordinary of such county to probate the alleged will, unless the decedent died a non-resident of the State of Georgia, since the

probate of a will must be made in the county of the residence of the alleged testator if a resident of this State; and if not a resident of this State, the will may be probated in any county where real estate belonging to the testator is situated. Code, §§ 113-603, 113-702. The application alleged that the testatrix resided in Fulton County; and, under this and the other allegations, it must be construed as an application to probate the will generally as a will of a person domiciled in that county. It was thus necessary, in order to admit the will to probate, to show that the decedent was domiciled in Fulton County at the time of her death; otherwise the court of ordinary would not have had jurisdiction. Every court must determine its jurisdiction before proceeding with any cause presented to it; and this rule applies in full measure to an application to probate a will, notwithstanding, aside from jurisdiction, the only question for determination in such case is devisavit vel non. The court in this case not only directed a verdict in favor of the probate, but specially directed a finding that the decedent was a resident of and domiciled in the County of Fulton at the time of her death. This special finding would necessarily have been implied in a general verdict in favor of the propounders, because it was necessary to determine the matter of jurisdiction as a condition precedent to a judgment probating the will. It follows that the caveator was not harmed by the existence of such finding as a part of the verdict, and the direction of such verdict is not cause for reversal for any reason assigned.

In support of the foregoing opinion, see: *Arnold* v. *Arnold,* 62 *Ga.* 627; *Tant* v. *Wigfall,* 65 *Ga.* 412; *Milner* v. *Neel,* 114 *Ga.* 118, 121 (39 S. E. 890); *Jones* v. *Smith,* 120 *Ga.* 642 (48 S. E. 134); *Godwin* v. *Godwin,* 129 *Ga.* 67, 68 (58 S. E. 652); *Trustees of the University of Georgia* v. *Denmark,* 141 *Ga.* 390 (81 S. E. 238); *Worsham* v. *Ligon,* 144 *Ga.* 707 (87 S. E. 1025); *Wash* v. *Dickson,* 147 *Ga.* 540 (94 S. E. 1009). The conclusion reached is not contrary to the rulings in *Wetter* v. *Habersham,* 60 *Ga.* 193 (10); *Underwood* v. *Thurman,* 111 *Ga.* 325 (36 S. E. 788); *Peavey* v. *Crawford,* 182 *Ga.* 782 (187 S. E. 13).

*Judgment affirmed. All the Justices concur, except*

RUSSELL, Chief Justice, dissenting. Under the provision of the Code of 1933, § 24-3901, the Supreme Court should, in my opinion, make a final disposition of this cause. The will was proved

in solemn form in the court of ordinary, but on appeal to the superior court the judge directed the jury to find in favor of the propounders and against the caveat, and that the will propounded is the last will and testament of Mrs. Julia M. Hungerford; and in addition thereto the court directed the jury to find that the testatrix at the time of her death resided in and was domiciled in Fulton County, Georgia. The question whether the testatrix was a resident of or domiciled in Fulton County was wholly irrelevant upon the only question which could have been submitted upon the probate of a will, viz., the factum of the will—devisavit vel non. *Peavey* v. *Crawford*, 182 *Ga.* 782 (supra), and cit. The words "residence" and "domicile" are not synonymous. *Worsham* v. *Ligon*, 144 *Ga.* 705, 711 (supra). The respective rights of the parties interested in the estate of a decedent, whether fixed by residence or domicile, are not pertinent when the only real question to which the probate court was confined was the factum of the will sought to be propounded. In such an appeal, the powers of the superior court are not greater than those of the court of ordinary. The court of ordinary had assumed the jurisdiction with which it is clothed by law, and that jurisdiction was uncontested. Whether the rights of any person interested in the subject-matter depended upon residence or domicile, or such rights might inhere in different persons or both confined in one individual, was not a matter germane to the probate of the will. According to my view, this court should order that upon the return of the remittitur in this cause the judge of the superior court of Fulton County strike from the verdict directed by him, and from the decree issued by him in pursuance thereof, all reference to the residence or domicile of the testatrix.