EASTERN INDEMNITY COMPANY OF MARYLAND, ETC.

V.

HIRSCHLER, FLEISCHER, WEINBERG, COX & ALLEN

Record No. 850706

March 4, 1988

Present: All the Justices

*Philip C. Baxa (Anthony F. Troy; Mays, Valentine, Davenport & Moore*, on briefs), for appellant.
*John W. Vaughan, Jr. (Barry A. Hackney; Hirschler, Fleischer, Weinberg, Cox & Allen*, on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

The sole question for decision in this case is whether the trial court erred in failing to accord full faith and credit to the orders of a Maryland court or in refusing to give effect to the orders under principles of comity. Concluding that the trial court's actions were free of error, we will affirm.

The orders in dispute were entered by the Circuit Court for Montgomery County, Maryland, in a proceeding brought by Edward J. Muhl, State Insurance Commissioner of Maryland (Muhl), against Eastern Indemnity Company of Maryland (Eastern), under a statute providing for the rehabilitation or liquidation of impaired or insolvent insurance companies. MD. ANN. CODE art. 48A, §§ 132 *et. seq.* (1979). On January 28, 1985, the court entered an order directing Muhl to take possession of the property of Eastern and liquidate its business. For a period of 180 days, the order enjoined "all persons" from

> commencing or maintaining any action in the nature of an attachment, garnishment, or execution against [Eastern] or its assets; and from commencing, maintaining, or prosecuting any actions, or obtaining any preferences, judgments, attachments, liens, or the making of any levy against [Eastern] or its assets . . . .

On February 11, 1985, the Maryland court adjudged that Eastern was insolvent and ordered that "[t]he stay of all claims, actions, and lawsuits against [Eastern] . . . shall remain in full force and effect." On April 12, 1985, the court entered an order extending the stay indefinitely, pending resolution of the liquidation proceeding.

Meanwhile, on February 26, 1985, the present action was filed in the Circuit Court of the City of Richmond by Hirschler, Fleischer, Weinberg, Cox & Allen (the Hirschler firm), a Virginia general partnership engaged in the practice of law. In the action, the Hirschler firm sought recovery from Eastern of $43,712.30 for legal services rendered and disbursements made on Eastern's behalf.

Muhl retained local counsel and moved to dismiss or to stay the Richmond action, asserting that the stay orders of the Maryland court should be accorded full faith and credit or given effect under the principles of comity. On May 28, 1985, the trial court denied Muhl's motion, and on June 5, 1985, Muhl advised the court he would not participate further in the action. On June 7, 1985, the court entered judgment against Eastern in the amount sued for, and Muhl has appealed.

Muhl argues that the Full Faith and Credit Clause, U.S. Const. art. IV, § 1,[1] required the trial court to give the Maryland stay orders the same effect they would be given in Maryland. This treatment is necessary, Muhl says, to effectuate the purposes of the clause "to help weld the independent states into a nation," *Johnson* v. *Muelberger*, 340 U.S. 581, 584 (1951), and "to promote certainty and uniformity . . . among [the judgments of all the states]," *Atherton* v. *Atherton*, 181 U.S. 155, 160 (1901).

The Hirschler firm contends that the orders of the Maryland court are not entitled to full faith and credit because the firm was not a party to the Maryland proceeding. Furthermore, the Hirschler firm maintains, the Circuit Court of the City of Richmond was entitled to inquire into the facts concerning the jurisdiction of the Maryland court and to determine whether the court had jurisdiction over the firm.

---

[1] Article IV, § 1 provides:

Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof.

Muhl responds that the Hirschler firm's argument "simply misses the point." The Maryland court had jurisdiction over Eastern, Muhl maintains, as well as subject matter jurisdiction and, under its equity power, had *in rem* jurisdiction over the assets of Eastern, wherever located. Hence, Muhl concludes, the Maryland court had jurisdiction to enter the orders in question and they are entitled to full faith and credit.

We think it is Muhl's argument, not the Hirschler firm's, that misses the point. No one questions that the Maryland court had jurisdiction to enter the orders in dispute. The issue is whether the orders bind the Hirschler firm in the present proceeding. And a case upon which Muhl relies establishes conclusively that the orders do not have that effect.

The case is *Riley* v. *New York Trust Co.*, 315 U.S. 343 (1942), and it involved the question whether a decree of probate entered by a Georgia court was entitled to full faith and credit in a Delaware interpleader proceeding. The latter proceeding was brought by a Delaware corporation to determine which personal representative should receive the transfer of certain shares of the corporation's stock. The Georgia decree had declared the decedent a domiciliary of Georgia and ordered probate of her will in the county of domicile. *Hungerford* v. *Spalding*, 183 Ga. 547, 550, 189 S.E. 2, 3 (1936). All the distributees, including the decedent's husband, were parties to the Georgia proceeding. The contestants in Delaware were the Georgia executors, who held the stock certificates, and a New York administrator c.t.a. of the decedent's estate, who had been appointed on the motion of the husband as well as New York creditors.

■ The Supreme Court held that the Georgia decree was not entitled to full faith and credit in the Delaware proceeding and that the finding the decedent was a domiciliary of Georgia did not bind the New York administrator. The Court stated:

> It may be assumed that the [Georgia] judgment of probate and domicile is a judgment *in rem* and therefore, as "an act of the sovereign power," "its effects cannot be disputed" within the jurisdiction. But this does not bar litigation anew by a stranger, of facts upon which the decree *in rem* is based . . . . While the Georgia judgment is to have the same faith and credit in Delaware as it does in Georgia, that requirement does not give the Georgia judgment extra-territorial ef-

fect upon assets in other states. So far as the assets in Georgia are concerned, the Georgia judgment of probate is *in rem*; so far as it affects personalty beyond the state, it is *in personam* and can bind only parties thereto or their privies . . . . Phrased somewhat differently, if the effect of a probate decree in Georgia *in personam* was to bar a stranger to the decree from later asserting his rights, such a holding would deny procedural due process.

315 U.S. at 353-54 (footnotes omitted). *See also Nevada v. Hall*, 440 U.S. 410, 421 (1979).

 Two Virginia cases, which Muhl dismisses as inapposite, also hold that a judgment rendered in one state is not entitled to full faith and credit in another state against one not a party to the original proceeding. *Nero v. Ferris*, 222 Va. 807, 814, 284 S.E.2d 828, 832 (1981); *Bloodworth v. Ellis*, 221 Va. 18, 21, 267 S.E.2d 96, 98 (1980). Furthermore, both cases stand for the proposition that the courts of this Commonwealth may inquire into the question of jurisdiction unless that question has been fully and fairly litigated and finally decided in the court which rendered the original judgment. *Nero*, 222 Va. at 814, 284 S.E.2d at 832; *Bloodworth*, 221 Va. at 21, 267 S.E.2d at 98. *See also Durfee v. Duke*, 375 U.S. 106, 111 (1963).[2]

 Here, it is undisputed that the Hirschler firm was not made a party to the Maryland proceeding or otherwise given notice of its pendency or the issuance of the orders. Furthermore, there is no suggestion that the question of the Maryland court's jurisdiction over the Hirschler firm was ever litigated or decided in that proceeding. Under these circumstances, the holding is compelled that the orders in question did not bind the Hirschler firm and that they were not entitled to full faith and credit in the present proceeding.

 This brings us to the question whether the orders should have been given effect under the principles of comity. Muhl argues that we should enforce the orders out of deference to the

---

[2] Muhl cites *Janak v. Allstate Insurance Company*, 319 F. Supp. 215 (W.D. Wis. 1970), where the court gave full faith and credit in a Wisconsin lawsuit to an Illinois liquidating order, with stay provisions similar to those in the present case, "in spite of the alleged lack of notice" to the Wisconsin plaintiffs. *Id.* at 218. We find this decision unpersuasive and decline to follow it.

court which entered them and also to advance the mutual interests of Virginia and Maryland in the orderly and equitable liquidation of insolvent insurance companies.

> Comity is not a matter of obligation. It is a matter of favor or courtesy, based on justice and good will. It is permitted "from mutual interest and convenience, from a sense of the inconvenience which would otherwise result, and from moral necessity to do justice in order that justice may be done in return." Comity is not given effect when to do so would prejudice a State's own rights or the rights of its citizens.

*McFarland* v. *McFarland*, 179 Va. 418, 430, 19 S.E.2d 77, 83 (1942) (quoting 11 Am. Jur. *Conflict of Laws* § 5 (1937)).

We have no reluctance whatsoever in saying that we would willingly show due deference to the orders of the Maryland court on any occasion when the circumstances are proper for the application of the principles of comity. We just do not think this is one of those occasions.

Our reluctance on this occasion does not stem from any action of the Maryland court but from the way Muhl has treated that court's orders in this Commonwealth. The record shows that, although a number of actions were instituted against Eastern in Richmond courts, Muhl retained local counsel "only in connection with the present case to appear and argue that the [Maryland] orders . . . should be given full faith and credit by the Virginia courts."

In two cases pending in the same circuit court as the present action, Muhl permitted claims totaling $419,431.25 to go to final judgment without having "local counsel appear and argue that the stay should be enforced therein."[3] The same attitude and inaction were displayed with respect to a claim resulting in a judgment for $6,358.51 against Eastern in Richmond General District Court. None of these judgments was appealed.

Muhl says he decided against defending the other actions "to conserve the finances of Eastern." It seems an odd way to conserve finances, however, to permit judgments totaling $425,789.76 to be entered against Eastern without contest while, without any

---

[3] Muhl says he "informed the Richmond Circuit Court, by letter, of the liquidation proceeding in the [Maryland court] . . . and requested that the court honor the Orders entered therein."

apparent objection on the merits, fighting a claim amounting to only about one-tenth the uncontested amount.

Muhl also argues that to deny comity to the Maryland orders would permit the Hirschler firm to improve "its position vis-a-vis other creditors of Eastern." But if Muhl has his way, he would permit other creditors to improve their positions vis-a-vis the Hirschler firm in an off-and-on application of the principles of comity.

■ "Comity is not given effect when to do so would prejudice a State's own rights *or the rights of its citizens.*" *McFarland*, 179 Va. at 430, 19 S.E.2d at 83 (emphasis added). While this case may involve the rights of only one Virginia citizen, we will not apply comity to the prejudice of that citizen, given the action, or inaction, of Muhl with respect to the Maryland orders.

As indicated previously, we will affirm the judgment of the trial court.

*Affirmed.*