**Alexandria**

MARGUERITE DEMAHIS CLARK

*v.*

DAVID OSBORNE CLARK

No. 1122-88-2

Decided November 13, 1990

COUNSEL

Sylvia Clute (Clute & Shilling, on briefs), for appellant.

Jeffrey M. Zwerdling (Zwerdling and Oppleman, on brief), for appellee.

OPINION

**COLEMAN, J.**—In this appeal we decide whether a spouse may reinstitute a divorce suit in Virginia after that spouse had previously filed and voluntarily nonsuited a divorce suit in a foreign jurisdiction. Mrs. Clark contends that the Petersburg circuit court should have declined to hear the husband's bill of complaint for divorce because he had previously filed and nonsuited a similar complaint in Switzerland. She argues that the venue restrictions of Code § 8.01-380 and the Swiss nonsuit statute both require that when a cause is nonsuited, further proceedings by that party

must be filed and conducted in the same court. Thus, the central question raised by the appeal is whether Code § 8.01-380 applies to bar the filing in Virginia of a divorce suit by the same party who has previously filed and nonsuited a divorce case in a jurisdiction outside the continental United States. Alternatively, the wife contends that if the Virginia nonsuit statute is inapplicable, the doctrine of comity nonetheless requires that the Swiss nonsuit laws be given effect in this Virginia proceeding, which laws provide, in addition to restricting venue, that when a nonsuit is taken in Switzerland, it is the equivalent of a judgment being rendered for the defendant. Thus, the wife argues that the Swiss nonsuit statute requires the husband to refile there, or alternatively, if the Virginia court may properly entertain the husband's bill of complaint, it must apply the Swiss fault determination. Finally, the wife argues that the court erred by granting the husband a divorce without simultaneously deciding the equitable distribution issues as required by Code § 20-107.3(A). She maintains that the parties had not jointly made a motion to defer an equitable distribution determination and the court made no finding that deferring a ruling was clearly necessary due to the complexity of the parties' property interests.

We hold that the trial court did not err in ruling that Code § 8.01-380 is a venue restriction statute that applies only to proceedings previously initiated in Virginia courts. Code § 8.01-380 does not preclude a party from filing a cognizable cause of action in Virginia courts even though he or she has previously filed and nonsuited the same action in a jurisdiction other than in Virginia. Likewise, we hold that the trial court did not err by refusing to give extraterritorial recognition by way of comity to the Swiss procedural default doctrine that a voluntary nonsuit is equivalent to an adverse finding on the divorce issues which had been pled. However, we hold that the trial court did err by granting the husband a final divorce and attempting to retain jurisdiction to later adjudicate the equitable distribution issues without having a joint motion of the parties and making a finding of clear necessity due to the complexity of the property issues. Therefore, we vacate the final decree granting the husband a divorce and remand the case for a distribution of property contemporaneous with the adjudication of the divorce.

Marguerite Clark and David Clark lived in Petersburg, Virginia, until August, 1983, when the husband, who had taken employment in Switzerland, moved there while his wife and child remained in Virginia. In August, 1984, David Clark filed for divorce in a Swiss court in the jurisdiction of Neuchatel. The wife submitted to Swiss jurisdiction, and the parties proceeded to litigate their divorce issues. The wife did not file a cross-action for divorce in the Swiss proceeding.

The parties pursued the Swiss divorce litigation for approximately three years until June, 1987. Mrs. Clark incurred considerable expense in preparing to defend the Swiss proceeding, in pursuing her remedies there, and in compiling evidence in the United States which would qualify for use in the Swiss courts. The expenses and rigors of preparing for the litigation appear to have been proportionately greater for Mrs. Clark, particularly given the disparity between their financial resources. During the Swiss proceedings, the wife subpoenaed a woman whom she alleged to be her husband's live-in paramour to testify at the trial set for late June, 1987. Prior to trial, the husband took a voluntary nonsuit. Noting that the wife had not filed a cross-suit, the Swiss court in its closure order of June 12, 1987 acknowledged that it was constrained to grant the husband's nonsuit, which ended the Swiss divorce proceedings.

Immediately after the nonsuit in Switzerland, the husband filed a bill of complaint for divorce in the Circuit Court of the City of Petersburg, where the parties last maintained a marital domicile, in which he asked for a divorce on the ground that the parties had lived separate and apart for more than one year. The wife filed a motion to dismiss on the basis that Code § 8.01-380 provides that the only permissible venue for filing a cause of action which has previously been nonsuited is the same jurisdiction where that action was previously filed. The trial court ruled that the venue provisions of Code § 8.01-380 apply only within the jurisdictions of Virginia and have no effect or application to a suit filed and nonsuited in a foreign jurisdiction.

The wife, relying upon *Oehl v. Oehl*, 221 Va. 618, 272 S.E.2d 441 (1980), also filed a motion requesting the Petersburg circuit court to decline jurisdiction on the basis of comity. She argued that comity requires not only that a jurisdiction give full recognition and effect to a foreign final order which adjudicates the mer-

its of a cause, but also requires that a court give the same effect that the foreign jurisdiction does to its law governing a final decree, even though it does not adjudicate the merits of a cause. Thus, the wife argues that the Swiss law provision which is analogous to the Virginia nonsuit venue restriction in Code § 8.01-380, under the doctrine of comity, requires the husband to refile his divorce proceedings in Switzerland. In other words, the wife argues that comity required the Virginia court to defer to and apply the procedural law of Switzerland, much as it would defer to and enforce a valid judgment from Switzerland. The wife also averred in her motion that Swiss law provides that a voluntary nonsuit operates as a judgment in favor of the defendant in the suit, and therefore, if the Circuit Court of Petersburg properly entertained the divorce suit, it must nevertheless under the principles of comity recognize the Swiss nonsuit as an adjudication that the husband was at fault in causing the dissolution of the marriage.

The wife argues in support of her motions that the husband should not be allowed to shop for a more suitable forum after he nonsuited the same cause of action in another jurisdiction when he concluded that he would suffer an adverse result. She points out that she voluntarily submitted to the jurisdiction of the foreign forum and incurred considerable expense and time in preparing for the litigation. Based on fairness and equity, the husband, who unilaterally chose Switzerland as his original forum, should be required to return there to pursue his divorce or should have the effect of the nonsuit as it would have obtained in Switzerland applied to the divorce suit filed in Virginia.

The trial court ruled that the Swiss nonsuit order did not achieve the same level of dignity as a final divorce order and ruled that the Swiss nonsuit provisions restricting venue were not, by virtue of the doctrine of comity, generally applicable to bar a divorce suit otherwise cognizable in Virginia.

Concluding that it had jurisdiction, the Circuit Court of Petersburg granted the husband a final divorce on the ground of the parties having lived separate and apart for one year, dismissed the wife's cross-bill, and retained jurisdiction to decide equitable distribution and spousal support issues. The wife objected to entry of a final divorce decree which did not decide the equitable distribution issues but retained jurisdiction to do so. She argued that bifurcating the distribution of marital property from the divorce

decision violated the plain language of Code § 20-107.3(A), which provides that a court may grant a divorce and retain jurisdiction to adjudicate the equitable distribution issues only upon a joint motion of the parties and when it is clearly necessary to do so because the property issues are complex. Prior to any proceedings concerning equitable distribution, the wife appealed the final divorce decree.

## I. NON-APPLICABILITY OF THE VENUE RESTRICTION OF CODE § 8.01-380

We reject the wife's contention that Code § 8.01-380 restricts the husband from bringing a suit for divorce in Virginia because he previously filed and nonsuited the same cause of action in a foreign jurisdiction. We hold that the venue restriction of Code § 8.01-380[1] applies only to causes filed and nonsuited in Virginia.

Concededly, the policy underlying the venue restriction when a complainant takes a voluntary nonsuit is to protect the courts and opposing parties from the possible abuses of the nonsuit privilege. *Yarber v. Allstate Ins. Co.*, 674 F.2d 232, 236 (4th Cir. 1982). "In particular, [the statute's venue restriction] scotches any opportunity to engage in secondary forum shopping with the benefit of a trial run in a court of first choice." *Id.* at 237. The wife argues that nothing in the statute limits its application to causes of action which were filed and nonsuited in a Virginia court, but rather the underlying policy of the statute—which is to prevent strategic forum shopping and to spare defendants from vexatious multiple litigation—supports application of the statute regardless of where the original suit was filed and the nonsuit was taken.

We hold, however, that the legislature, by enacting Code § 8.01-380, intended to address only intrajurisdictional, and not extrajurisdictional, forum shopping. Suits upon the same cause of action are frequently cognizable in the courts of more than one jurisdiction. Litigants often are compelled to defend suits in foreign jurisdictions or otherwise have a foreign judgment recognized as *res judicata* because of comity or the full faith and credit pro-

---

[1] Code § 8.01-380 provides, in pertinent part, that "[a]fter a nonsuit no new proceeding on the same cause of action . . . shall be had in any court other than that in which the nonsuit was taken."

visions of the United States Constitution. Although amenability to suit in a foreign jurisdiction or in more than one jurisdiction may subject a defendant to expense and hardship, nevertheless, those factors alone do not compel our courts to close their doors to a litigant properly presenting himself. *See Thomas Gemmell, Inc. v. Svea Fire & Life Ins. Co.*, 166 Va. 95, 100-01, 184 S.E. 457, 459 (1936)(where claimant in appealing from an adverse judgment proceeds *de novo* on appeal, thereby depriving the defendant of the benefits of the first judgment, claimant's right to a nonsuit in his second attempt at a favorable judgment is not limited by virtue of hardship on the defendant of having to litigate twice). As pernicious as extrajurisdictional forum shopping and multiple litigation may be, we do not believe the Virginia legislature intended by enacting Code § 8.01-380 to bar a complainant in a divorce suit cognizable in Virginia from being able to pursue his or her remedy because the party had filed a similar cause of action in another jurisdiction. The purpose of the venue restriction is to prevent a claimant who has filed a suit in a Virginia court and invoked the power of that jurisdiction from abusing the rights and privileges of which he has availed himself by indiscriminately or strategically refiling his suit in another Virginia court.

■ Nonetheless, the wife argues for an equitable exception to the nonapplicability of the Virginia statute to foreign nonsuits, contending that the husband's motivation in nonsuiting the Swiss proceedings was to avoid an adverse result and to procure a more favorable divorce decree. She argues that the statute should be held applicable to curb such stratagems. *See McNeir v. McNeir*, 178 Va. 285, 290, 16 S.E.2d 632, 633 (1941)(applying equitable principles to bar divorce proceedings). In Virginia, the nonsuit privilege cannot be denied because a claimant has surmised the probable outcome of the litigation and has avoided an unfavorable judgment by taking a nonsuit. *Berryman v. Moody*, 205 Va. 516, 519, 137 S.E.2d 900, 902 (1964). "Such a construction of the statute would lead to confusion and render uncertain and precarious a right based upon the compliance with terms which are clearly and plainly defined." *Id.* (citations omitted). For similar reasons, we will not broaden the limited scope of the statute to encompass a foreign nonsuit because the husband allegedly opportunistically exercised his right to a nonsuit in a foreign jurisdiction in order to avoid an adverse outcome.

A jurisdiction, to the extent that it may as a sovereign power exercise discretionary prerogatives, has the right to determine the policies and procedures which shall govern access by claimants and the amenability of litigants to the courts of that jurisdiction. *See Wimer v. Wimer*, 82 Va. 890, 900, 5 S.E. 536, 537 (1886). However, the jurisdiction may not extend the effect of its laws beyond its borders so as to prejudice another sovereign's rights or those of its citizens. 4A Michie's Jurisprudence, *Conflict of Laws, Domicile and Residence* § 3 (1990); *see Eastern Indemnity Co. v. Hirschler, Fleischer, Weinberg, Cox & Allen*, 235 Va. 9, 15, 366 S.E.2d 53, 56 (1988). Thus, a jurisdiction may determine the procedure for its courts, disposition of its disputes, and the treatment to be accorded litigation and parties only to the extent that the policies and procedures are applicable to the parties and subject matter over which the sovereign has jurisdiction.

The Virginia legislature did not intend by adopting Code § 8.01-380, in which it provided that a claim nonsuited in one venue would have to be refiled in the same venue, for that provision to give preclusive effect to a nonsuit taken in litigation in a foreign jurisdiction. To so rule would constitute an impermissible encroachment upon the authority of the Virginia legislature to determine the cognizability of disputes in our courts and the limitations to be imposed on litigants who choose to pursue their valid claims in Virginia courts. *See Richmond Standard Steel, Spike & Iron Co. v. Dininny*, 105 Va. 439, 442, 53 S.E. 961, 961-62 (1906)(although legislature cannot make laws by which people outside of Virginia must govern their actions, remedies which State provides may be conditioned on their extraterritorial actions). "Statutes derive their force from the authority of the legislature, and as a necessary consequence their effect will be limited to the boundaries of the State." *C.I.T. Corp. v. Guy*, 170 Va. 16, 22, 195 S.E. 659, 661 (1938). For us to rule that our nonsuit statute applies to nonsuits taken in foreign jurisdictions would impermissibly premise a claimant's access to Virginia courts upon the procedural disposition accorded to a cause of action by a foreign jurisdiction. Thus, we hold that the venue restriction of Virginia's nonsuit statute does not prevent a spouse who has nonsuited, prior to an adjudication upon the merits, his or her divorce suit filed in a foreign jurisdiction from initiating proceedings for divorce in a Virginia court, provided the cause of action is otherwise cognizable.

## II. THE NON-APPLICABILITY OF THE DOCTRINE OF COMITY

For purposes of our discussion we accept the following averments of the litigants. The divorce litigation in Switzerland was terminated upon the husband's voluntary nonsuit. A Swiss claimant, like one in Virginia, may withdraw his case prior to adjudication by taking a voluntary nonsuit. Under the Swiss laws governing the conduct of the litigation, a nonsuit is deemed a judgment in favor of the defendant for purposes of further litigation upon the cause of action. Thus, a Swiss nonsuit is the equivalent of a procedural default by the claimant. Furthermore, the Swiss nonsuit statute contains a venue restriction which prevents the filing of a new suit on the same cause of action in another jurisdiction.

The wife makes a two-fold argument based on the doctrine of comity: first, Virginia should recognize and apply the Swiss nonsuit statute to a suit thereafter nonsuited and refiled in Virginia, and second, Virginia courts should decline to exercise jurisdiction of her husband's divorce complaint because the doctrine of comity requires that courts give effect to foreign judgments, and the Swiss nonsuit order, being with prejudice, determined, in effect, that the husband was at fault in causing the dissolution of the marriage.

We reject the first argument because, rather than being a question of comity, the issue is one of choice of law, and based on conflict of laws principles, the forum jurisdiction is not required to apply a procedural rule of a foreign jurisdiction. We also reject the comity argument that the Virginia court must recognize the Swiss rule that the husband's nonsuit was a finding that he was at fault in causing the dissolution of the marriage. We hold that comity does not require that Virginia as the forum jurisdiction recognize a foreign procedural default in a divorce case.

The public policy of Virginia requires that before a spouse may obtain a divorce, he or she must prove the grounds therefor and no complaint for divorce shall be defaulted, taken for confessed, or granted upon the pleadings or upon uncorroborated testimony. Code § 20-99(1), (2) and (3). Comity, in the legal sense, is the recognition and effect which a forum jurisdiction gives

within its territory to the legislative, executive, and judicial acts of a foreign jurisdiction, giving due regard to a number of factors, including: duty; mutual interests in reciprocity; courtesy; convenience; the public policy and preservation of valued morals in the forum; the rights of the forum's citizens and those under the protection of its laws; and the factual circumstances surrounding each claim for its recognition. *Oehl v. Oehl*, 221 Va. 618, 622, 272 S.E.2d 441, 443 (1980); *Willard v. Aetna Casualty & Sur. Co.*, 213 Va. 481, 483, 193 S.E.2d 776, 778 (1973); *Doulgeris v. Bambacus*, 203 Va. 670, 675-76, 127 S.E.2d 145, 149 (1962); *Tate v. Hain*, 181 Va. 402, 413, 25 S.E.2d 321, 325 (1943); *McFarland v. McFarland*, 179 Va. 418, 430-31, 19 S.E.2d 77, 83 (1942); *Toler v. Oakwood Smokeless Coal Corp.*, 173 Va. 425, 430-31, 4 S.E.2d 364, 366-67 (1939); *Roberts v. Aetna Casualty & Sur. Co.*, 687 F. Supp. 239, 243-44 (W.D. Va. 1988); *Gebr. Eickhoff Maschinenfabrik Und Eisengieberei v. Starcher*, 328 S.E.2d 492, 505 (W. Va. 1985); 4A Michie's Jurisprudence *Conflict of Laws, Domicile and Residence* § 4 (1990). The wife's arguments fail to recognize two important distinctions, the first between an order which terminates litigation based upon a procedural default and an order which adjudicates the merits of a case, and the second between a procedural rule and substantive law.

In Virginia, a claimant is absolutely entitled to one nonsuit within the limitations imposed by Code § 8.01-380. *Nash v. Jewell*, 227 Va. 230, 237, 315 S.E.2d 825, 829 (1984). Code § 8.01-380 reads, in pertinent part:

A party shall not be allowed to suffer a nonsuit . . . unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision . . . .

A party is not allowed a nonsuit where an adverse party has cross-filed a claim in the litigation which cannot be independently adjudicated. *Wells v. Lorcom House Condominiums' Council of Co-Owners*, 237 Va. 247, 251, 377 S.E.2d 381, 383 (1989). Thus, a Virginia claimant may nonsuit his cause anytime prior to the submission of the cause for a ruling or determination by the trial court or finder of fact which will dispose of the case on its merits. *Khanna v. Dominion Bank*, 237 Va. 242, 245, 377 S.E.2d 378,

380 (1989); *Wells*, 237 Va. at 252, 377 S.E.2d at 384. The effect of a nonsuit in Virginia is simply to put an end to the present proceedings without prejudicing the claimant in bringing a subsequent suit on the same cause of action. *Thomas Gemmell, Inc. v. Svea Fire & Life Ins. Co.*, 166 Va. 95, 97, 184 S.E.2d 457, 458 (1936).

■ With this background, we address the first prong of the wife's comity argument in which she contends that the Virginia court must recognize in a divorce proceeding the result and effect of the Swiss nonsuit order which constituted a finding with prejudice and one adverse to the husband. In Virginia, a nonsuit is a procedural step that terminates pending litigation, but which leaves the issues of the cause undecided; "[a] nonsuit is not a final judgment, but the opposite." *Mallory v. Taylor*, 90 Va. 348, 349, 18 S.E. 438, 439 (1893); *see Steinman v. Clinchfield Coal Corp.*, 121 Va. 611, 620, 93 S.E. 684, 687 (1917). Based on the representations of the parties which we have accepted for purposes of our decision, the effect and operation of a Swiss nonsuit is similarly nondeterminative of the merits of the issues pled in a Swiss cause of action: the case is dismissed prior to an adjudication on the merits, but the nonsuit has the effect of being an adverse ruling on issues of fault should subsequent litigation ensue. However, crucial issues of divorce, custody, and support were not ruled upon in the husband's Swiss divorce proceedings, and the final order nonsuiting his divorce complaint was not a judgment on the merits of these issues. Therefore, were we to adopt the wife's argument that the trial court should apply the Swiss nonsuit statute and give preclusive effect to the Swiss dismissal, such a holding would result in the husband being precluded from being able to adjudicate his divorce upon the merits by virtue of a procedural default suffered in a foreign jurisdiction. Furthermore, this approach would condone a procedure whereby fault, insofar as grounds of divorce are concerned, would be defaulted should the husband refile in Switzerland. This approach is contrary to the public policy of Virginia encompassed in Code § 20-99, which prohibits grounds of divorce from being taken for confessed.

■ Comity envisions giving recognition or preclusive effect in the forum state to matters previously litigated in a foreign jurisdiction when the issues involved are *res judicata*: when the final decree or order entered in the former proceeding was entered "on

the merits." *See Hosier v. Hosier*, 221 Va. 827, 830, 273 S.E.2d 564, 566 (1981)(citations omitted); *Bates v. Devers*, 214 Va. 667, 672-73, 202 S.E.2d 917, 922 (1974). Where the foreign determination was not an adjudication on the merits, the judgment is not conclusive, and thus, there is no decision to give effect to in a subsequent proceeding. *See, e.g., Brooker v. Brooker*, 218 Va. 12, 13, 235 S.E.2d 309, 310 (1977); *see also Payne v. Buena Vista Extract Co.*, 124 Va. 296, 312-13, 98 S.E. 34, 40 (1919); *Steinman v. Clinchfield Coal Corp.*, 121 Va. at 619, 93 S.E. at 687.

The Swiss nonsuit order which terminated the husband's divorce litigation did not decide on the merits any matters pertaining to the divorce. It merely granted the husband's request to nonsuit his cause prior to such a final determination, apparently with the effect that should he refile in that jurisdiction, his previous assertions will be deemed to have been decided adversely. Because there is no final judgment from the foreign jurisdiction to which *res judicata* effect could be given, we are not confronted with a comity analysis which would require us to determine whether a Swiss judgment had been rendered under circumstances sufficiently compatible with our jurisprudence to require us to give that judgment recognition and effect. *E.g., Oehl*, 221 Va. at 622, 272 S.E.2d at 443; *Osborne v. Osborne*, 215 Va. 205, 208, 207 S.E.2d 875, 880-81 (1974). We reject the wife's contention that the doctrine of comity requires the Virginia court to recognize and give effect to the Swiss nonsuit to the same extent which a Swiss court would.

Next, we turn to the second prong of the wife's comity argument in which she contends that we must recognize as part of the procedure governing this case the Swiss procedure which provides that when a nonsuit has been taken the party is precluded from refiling except in the jurisdiction from which the nonsuit was taken. The wife seeks to obtain the same result, but taking a different approach as in her argument that the Virginia nonsuit statute applied. Here, however, she advances a comity argument that the same result obtains because the Virginia court must recognize the Swiss nonsuit statute. The wife's argument presents a choice of laws problem, not a question of comity.

It is well settled that Virginia, as the forum state, adheres to traditional conflict-of-laws rules: when presented with a choice-

of-law question, Virginia courts are to determine whether an issue is procedural or substantive according to its own conflicts rules. If the issue is deemed procedural under the conflict of laws rules, the court shall apply its rules and procedure. *Frye v. Commonwealth*, 231 Va. 370, 376, 345 S.E.2d 267, 272 (1986); *Willard*, 213 Va. at 483, 193 S.E.2d at 778; *Zukowski v. Dunton*, 650 F.2d 30, 34 n.3 (4th Cir. 1981); *Citizens Nat'l Bank v. Waugh*, 78 F.2d 325 (4th Cir. 1935). The question of denying or restricting the venue of courts within a jurisdiction is procedural. Accordingly, the trial court did not err by refusing to give effect to the Swiss nonsuit provisions and decline to exercise jurisdiction.

It would be violative of public policy to displace our procedural laws with those of another sovereign and thereby conduct litigation from its inception in accordance with the procedural and administrative policy of a foreign jurisdiction. We reject the wife's argument.

## III. BIFURCATING DIVORCE AND EQUITABLE DISTRIBUTION

The wife contends that the trial court erred by deciding the husband's divorce complaint without contemporaneously deciding the issues of equitable distribution. She relies upon the restriction in Code § 20-107.3(A) which authorizes the court to bifurcate the divorce and equitable distribution issues only upon joint motion of the parties and a finding of clear necessity due to complex property issues. The wife did not join in a motion to grant the divorce and to defer the issues involved with Code § 20-107.3. She objected to the entry of the divorce and appealed the court's decree which granted the divorce and deferred equitable distribution.

In *Parra v. Parra*, 1 Va. App. 118, 336 S.E.2d 157 (1985), a divided panel construed Code § 20-107.3 as it then read to permit trial courts to grant a divorce but to defer adjudication of the equitable distribution issues until some future date. *See also Morris v. Morris*, 3 Va. App. 303, 349 S.E.2d 661 (1986). In 1986, the General Assembly amended Code § 20-107.3 to limit the authority which the *Parra* decision gave to postpone indefinitely the matters of equitable distribution. The statute after the 1986 amendment expressly requires that before a trial court may bifurcate the adjudication of divorce and equitable distribution issues, the par-

ties must join in a motion to do so and the court must find such procedure clearly necessary due to complex property issues.

The provisions of the 1986 amendment applied to this divorce proceeding, which was filed in June 1987. The wife did not join in a motion to grant the divorce and retain jurisdiction, nor did the court make a finding of clear necessity. The trial court erred in granting a divorce with the case in this posture. Accordingly, we reverse the ruling of the trial court granting the divorce, we vacate the divorce decree, and we remand the matter to the trial court to consider and adjudicate the issues in accordance with the directives of Code § 20-107.3.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Baker, J., and Duff, J., concurred.