COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Lemons
Argued at Salem, Virginia


BORIS PREZECHOWSKI, S/K/A
 BORIS PRZECHOWSKI
                              MEMORANDUM OPINION[*] BY
v.     Record No. 0945-98-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                   JUNE 1, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                     George E. Honts, III, Judge

              James V. Doss, III, for appellant.

              (Mark L. Earley, Attorney General;
              Richard B. Smith, Assistant Attorney
              General, on brief), for appellee.


     Boris Przechowski (appellant) was convicted of misdemeanor
reckless driving, in violation of Code § 46.2-862.  Appellant
contends that the trial court erred in refusing his request for
a trial by jury and in refusing his discovery requests for radar
certificates.  For the following reasons, we affirm.

                               I.

     Under familiar principles of appellate review, we examine
the evidence in the light most favorable to the Commonwealth,
the prevailing party below, granting to it all reasonable
inferences fairly deducible therefrom.  See Juares v.

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

<u>Commonwealth</u>, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on October 28, 1997, Trooper W.L. Warren issued appellant a summons charging him with reckless driving (speeding 97/65 m.p.h. zone) in a commercial motor vehicle.  The summons required appellant, a Texas resident, to appear in the general district court on January 23, 1998.

On December 10, 1997, the general district court received a pre-printed form letter from appellant stating the following: "I wish to enter a plea of not guilty to the charge on the attached citation, and I request a trial, by jury <u>if possible.</u>" (Emphasis added).  Appellant's response also included a "Request for Production" form letter, which, pursuant to the Texas Rules of Criminal Procedure governing discovery in traffic cases, made fifteen discovery requests.[1]

When appellant failed to appear in the general district court on January 23, 1998, he was tried in his absence, convicted as charged and fined $100 plus court costs.  By handwritten letter dated January 26, 1998, appellant noted his appeal to the circuit court and asked the court "to reconsider [his] request for production under the rule of discovery (code

---

[1]In the proceedings before the trial court, appellant referred to the applicable Texas law as the "Open Records Act," and the form letter contained a citation to "Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

-

of criminal procedure) which was sent to the court prior to the [general district] court date."

On February 3, 1998, appellant's file was transmitted from the general district court to the circuit court.  On March 10, 1998, the clerk of the circuit court sent appellant a notice informing him that his reckless driving trial was scheduled for March 25, 1998 and that appellant should immediately contact the clerk's office if he wanted a jury trial.[2]  In a letter received by the clerk's office on March 17, 1998, appellant asked that his written response serve as his "appearance" or that the hearing be conducted by telephone.  The letter also provided the following:

> I again request that my lawful request for production be filled, and I be given a short time to prepare for trial.  I would also request that if a hearing is absolutely necessary that it be done by phone, or other means.  If this motion is denied I request

---

[2]The clerk of the circuit court sent appellant a "Notice of Hearing on Appeal From A District Court," which provided the following:

> -- you must be present and ready to try this case at the hearing

> -- Immediately contact the clerk's office of this court if want one or more of the following:

> - a lawyer to represent you

> - witnesses to be subpoenaed in court to testify for you

> - a jury trial.

-

> that this hearing be re-scheduled and that I
> be given at least 30 days prior notice so
> that I can arrange my schedule.

Appellant made no request for a jury trial.  The circuit court treated appellant's letter as a motion to continue the case, which was denied on March 18, 1998.

On March 25, 1998, the date of appellant's circuit court trial, the clerk's office received another form letter from appellant demanding discovery under the "Open Records Act" and various Texas laws.  The circuit court tried appellant in his absence, convicted him of reckless driving, fined him $200 plus court costs and suspended his driver's license for 90 days.  The clerk notified appellant of the disposition of his case by letter dated March 27, 1998.

In his letter dated April 5, 1998, appellant, still acting pro se, stated that he wished to appeal the decision of the circuit court.  He also asked the circuit court to reconsider its finding of guilt and requested the court to compel discovery.  The circuit court clerk responded with a letter informing appellant that his notice of appeal was not in proper form.  On April 24, 1998, appellant, by retained counsel, filed a formal notice of appeal to this Court.

## II.  TRIAL BY JURY

Appellant contends that the trial court erred in refusing his request for a jury trial.  Although he concedes that a jury trial is not permitted in the general district court, he argues

-

that perfecting an appeal to the circuit court preserved his earlier request.  Appellant concludes that when a defendant requests a jury trial in general district court and does not appear in person at trial, the circuit court should "write a letter noting the conviction and noting his appeal for him with clear instructions to schedule the jury in the circuit court."

Assuming, without deciding, that appellant preserved his right to a jury trial by simply perfecting his appeal to the circuit court, his failure to appear constituted a waiver of the jury trial.  Under Code § 19.2-258, when the accused fails to appear in the circuit court on misdemeanor charge, he may be tried in his absence and his non-appearance waives the trial by jury.  Specifically, that section provides:

> In all cases of a misdemeanor upon a plea of guilty, tendered in person by the accused or his counsel, the court shall hear and determine the case without the intervention of a jury.  If the accused plead not guilty, in person or by his counsel, the court, in its discretion, with the concurrence of the accused and the attorney for the Commonwealth, may hear and determine the case without the intervention of a jury.  In each instance the court shall have and exercise all the powers and duties vested in juries by any statute relating to crimes and punishments.
>
> When a person charged with a misdemeanor has been admitted to bail or released upon his own recognizance for his appearance before a court of record having jurisdiction of the case, for a hearing thereon and fails to appear in accordance with the condition of his bail or recognizance, he shall be deemed to have

-

> waived trial by a jury and the case may be
> heard in his absence as upon a plea of not
> guilty.

Code § 19.2-258 (emphasis added).

In the instant case, appellant's failure to appear for his trial in the circuit court constituted a waiver of his right to trial by jury. Accordingly, the trial court did not err in proceeding with a bench trial and convicting appellant in his absence.

## III.  DISCOVERY REQUESTS

Appellant next contends the trial court erred in refusing his discovery requests for radar certificates. He admits that discovery under Rule 3A:11 of the Virginia Supreme Court Rules applies only to prosecution for a felony in a circuit court and that he requested discovery under a Texas statute. However, he argues that as a commercial driver being licensed in Texas, "fundamental fairness dictates that licensees traveling the interstate highways of the Commonwealth be afforded uniform proceedings." This argument lacks merit.

In cases involving choice-of-law questions, Virginia adheres to the use of traditional rules applicable to conflicts of law. Under such rules, it is well settled that matters of procedure are governed by the law of the forum. See Frye v. Commonwealth, 231 Va. 370, 376, 345 S.E.2d 267, 272 (1986); see also Hooper v. Musolino, 234 Va. 558, 566-67, 364 S.E.2d 207, 211 (1988) ("Under settled choice-of-law principles, however, we

-

will apply our own law in matters that relate to procedure.");
Clark v. Clark, 11 Va. App. 286, 300, 398 S.E.2d 82, 89 (1990)
("If the issue is deemed procedural under the conflict of laws
rules, the court shall apply its rules and procedures.").

Discovery is governed by Virginia law, which under Rule
3A:11 is limited and applies only to felony charges in the
circuit court.  See Rule 3A:11(b) ("This rule applies only to
prosecution for a felony . . . ."); see also Swisher v.
Commonwealth, 256 Va. 471, 481, 506 S.E.2d 763, 768 (1998)
("[T]here is no general constitutional right to discovery in a
criminal case.").  Because appellant was charged with a
misdemeanor offense, he was not entitled to pretrial discovery.
Accordingly, the trial court did not err in refusing his
discovery requests.[3]

Affirmed.

---

[3]Appellant concedes that the Commonwealth was under no
obligation to produce the radar certificates before trial and
complains only that the court should have advised him that
pretrial discovery was unavailable.

-