COURT OF APPEALS OF VIRGINIA


Present:    Judges Annunziata, McClanahan and Senior Judge Coleman


LINDA ANN JENKINS WHITE

                                                MEMORANDUM OPINION*
v.      Record No. 0251-04-4                         PER CURIAM
                                                  SEPTEMBER 7, 2004
JOSEPH CARTER WHITE


            FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                         John R. Cullen, Judge

            (J. Michael Sharman; Commonwealth Law Offices, P.C., on briefs),
            for appellant.

            (Rex L. Edwards, Jr.; Davies, Barrell, Will, Lewellyn & Edwards,
            PLC, on brief), for appellee.


        Linda Ann Jenkins White (wife), appeals from the circuit court's December 10, 2003 final

decree granting Joseph Carter White (husband) a divorce.  On appeal, wife challenges (1) the clerk

of court's apparent refusal to file a late pleading, (2) the trial court's denial of her motion to

reconsider, and (3) the trial court's refusal to admit certain evidence during the hearing on her

motion.  Husband seeks attorney's fees incurred in connection with this appeal.  Upon reviewing the

record and briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  See Rule 5A:27.

                                    BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties married on August 26, 1994 and began living separate and apart sometime in 1998. On October 23, 2003, husband filed his bill of complaint seeking a divorce *a vinculo matrimonii* from wife. On or about October 27, 2003, husband delivered copies of the bill of complaint, the subpoena in chancery, and an acceptance/waiver of service form to wife. Husband instructed wife to sign "the divorce papers" at the office of his attorney.

On November 5, 2003, wife arrived at the attorney's office, was presented copies of the documents, and reviewed them. Wife asked a staff member to correct the date of marriage recited in the bill of complaint and signed the forms, including the acceptance/waiver of service form. That document informed wife that she was agreeing to "voluntarily and freely waive any future service of process and notice," including notice of the taking of depositions, notice of the filing of any reports, and "notice of entry of any order or decree, including the final decree of divorce." The subpoena in chancery notified wife that "unless within twenty-one (21) days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter decree against such party . . . ." Wife neither entered an answer to husband's bill of complaint nor appeared at the December 10, 2003 hearing to enter the final decree.

Wife met with an attorney only after the entry of the decree and filed her answer on December 12, 2003. The clerk's office received the answer but returned it to wife's counsel after discovering the final decree had already been entered. On December 17, 2003, wife filed a motion to reconsider the final decree. The court heard evidence on the matter on December 23, 2003. During the hearing, wife attempted to introduce evidence purportedly showing husband sent wife a check and card "stating he would continue to provide occasional support for her after the divorce if she would drop the motion to reconsider." The court sustained husband's objection to the evidence. On January 7, 2004, the court entered its order denying wife's motion to reconsider.

## ANALYSIS

### I.

Wife first argues "[i]t was improper for the clerk of court to refuse to file an Answer . . . two days after entry of the decree . . . when neither [wife] nor her attorney had notice or knowledge that a hearing for entry of a decree had been set during which the Decree of Divorce was entered."

The statement of facts fails to show that wife preserved this issue for appeal. It contains no record of such an argument. Moreover, wife's written motion to reconsider contains no challenge to the clerk's refusal to enter the unquestionably late answer. Wife bears the burden of submitting a record sufficient for this Court's consideration of the issues presented. Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "We cannot assume that appellant's objection and reasons were proffered but not made a part of the record." Lee v. Lee, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991) (*en banc*). We do not consider an objection not presented to the trial court. Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

### II.

Wife also asserts the trial court erred by denying her motion to reconsider.

In pertinent part, Code § 20-99.1:1 provides, as follows:

> [S]ervice of process may be accepted or waived by any party, upon voluntary execution of a notarized writing specifying an intent to accept or waive any particular process, or by a defendant by filing an answer in the suit. Such notarized writing may be provided in the clerk's office of any circuit court and may be signed by such party to the proceedings before any clerk or deputy clerk of any circuit court, under oath, or may be drafted and filed by counsel in the proceeding, and shall, when filed with the papers in the suit, have the same effect as if the process specified had been personally served upon the defendant by a person authorized to serve process.

*The court may enter any order or decree without further notice*
*unless a defendant has filed an answer in the suit.*

(Emphasis added.)

Wife does not challenge the legality of the waiver she signed, but instead asserts "the essence of Virginia's public policy against default divorce decrees is violated by the decree entered in this case." Wife correctly notes that "[t]he public policy of Virginia requires that before a spouse may obtain a divorce, he or she must prove the grounds therefor and no complaint for divorce shall be defaulted, taken for confessed, or granted upon the pleadings or upon uncorroborated testimony. Code § 20-99(1), (2) and (3)." Clark v. Clark, 11 Va. App. 286, 296, 398 S.E.2d 82, 88 (1990). However, she is mistaken in her assertion that the divorce decree in this case was entered by default. Instead, wife knowingly and voluntarily waived service of process after having received and reviewed husband's bill of complaint and the subpoena in chancery. She does not allege husband's evidence was uncorroborated. The trial court entered the decree after hearing evidence at the December 10, 2003 hearing, including depositions of witnesses on behalf of husband. The court, in the final decree, awarded the divorce "independently of the admissions of either party in the pleadings or otherwise." Wife's reliance on the public policy against default divorce decrees is misplaced.

To the extent wife argues "[t]he trial court erred in not accepting [wife's] two-day late answer," we note wife failed to seek leave of the court to file her responsive pleading, but instead only filed a motion to reconsider the entry of the decree. Accordingly, wife has waived this aspect of her argument and we need not address it. Rule 5A:18.

Wife, in her question presented, emphasizes her illness, her lack of counsel at the time she signed the waiver, and her "belief that matters of spousal support and property division still remained to be dealt with." However, in the body of her argument section, she does not contend the

waiver is invalid for these reasons. Instead, she relies only on the public policy argument discussed above. Therefore, we need not address the voluntariness of the waiver.

Following the hearing on wife's motion to reconsider, the court concluded wife failed to show sufficient reason to either vacate or modify the previously entered decree of divorce "in consideration of the evidence regarding [wife's] background, previous experience with divorce, opportunity to review the Subpoena in Chancery, Bill of Complaint, and Acceptance/Waiver of Service of Process and Waiver of Future Service of Process and Notice . . . ." We find no error in the trial court's denial of wife's motion to reconsider.

### III.

Wife also argues "[i]t was improper for the trial court to consider irrelevant and to refuse as an exhibit the husband's check and note implying he would provide the wife with support if she would agree to drop her Motion to Reconsider Decree of Divorce . . . ."

Regarding this matter, the statement of facts states only:

> Additionally, [wife's] attorney asked [husband] whether he had sent [wife] a check and a card stating he would continue to provide occasional support for her after the divorce if she would drop the motion to reconsider. The court sustained the objection of [husband's] attorney to that question and the tendered exhibit.

"An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief . . . . We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "Transcripts and statements of facts serve the identical purpose on appeal — to provide a record of the incidents of the trial proceeding." Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 77 (1992).

Here, the record indicates that wife attempted to introduce the evidence and that the court sustained husband's objection to it. The record does not indicate for what purpose wife sought to introduce the evidence, does not provide a proffer of husband's response to the question, and

does not provide the reason for the court's rejection of the evidence. Nothing in the record shows what specific arguments, if any, wife made to the trial court as to why the evidence should have been admitted. Nor does the record show that wife made the same arguments at trial that she asks us to consider on appeal.

We conclude, therefore, that wife did not preserve her objection for appeal. Consequently, she is procedurally barred from raising this claim on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

APPELLATE ATTORNEY'S FEES

Upon husband's request, and upon consideration of the entire record in this case, we hold that he is not entitled to attorney's fees for this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.