COURT OF APPEALS OF VIRGINIA


Present:   Judge McClanahan, Senior Judges Coleman and Annunziata


KENNETH JACKSON, S/K/A
  KEVIN JACKSON

                                                        MEMORANDUM OPINION*
v.        Record No. 2568-04-2                                PER CURIAM
                                                             MAY 31, 2005
ANNETTE JACKSON


            FROM THE CIRCUIT COURT OF BRUNSWICK COUNTY
                          Sam Campbell, Judge

        (Kevin Jackson, *pro se*, on brief).

        No brief for appellee.


        Kevin Jackson appeals from the circuit court's September 29, 2004 order denying his bill of

complaint seeking a divorce *a vinculo matrimonii*.  On appeal, he argues the court erred in

dismissing his bill of complaint (1) without providing him "an opportunity to a full and fair hearing"

and (2) because the bill of complaint "clearly stated that the requested divorce was within and

confirmed [sic] to the statutory requirement of [Code] § 20-91(A)(9)(a)."

        Upon reviewing the record and opening brief, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

                                  <u>BACKGROUND</u>

        In his opening brief, Kevin Jackson (husband) alleges he has been continuously incarcerated

since 1985, married Annette Jackson (wife) in 1993, and they have lived separate and apart since

the beginning of the marriage.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On September 7, 2004, husband filed a bill of complaint seeking a divorce *a vinculo matrimonii* from wife on the grounds that they have lived separate and apart for more than one year. In his bill of complaint, husband alleged "the parties never cohabited together as Husband and Wife," one child "was born into this marriage," and "there is no marital property to be divided among the parties." Husband also submitted to the court a waiver, signed by wife and notarized. In the waiver, wife acknowledged receipt of service, consented to the personal jurisdiction of the circuit court, and "waive[d] the right to file an answer . . . , right to notice of further proceedings . . . , and the right to file exceptions to the report of the Commissioner in Chancery."

On September 29, 2004, the circuit court entered its order denying "the relief prayed for in [husband's] bill of complaint." The order indicates "the Court is without evidence sufficient to grant the prayer contained in the bill of complaint."

ANALYSIS

I.

Husband asserts the court's failure to provide him "an opportunity to a full and fair hearing" was error.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

Husband failed to present this issue to the trial court. In his motion to reconsider, husband only asked the court to reconsider its denial of his bill of complaint. He did not argue he was denied a full and fair hearing in violation of Code § 17.1-513.2 and of his "Constitutional right to due process and equal protection under the law." The requirements of Rule 5A:18 apply equally to constitutional claims. Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992).

Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

## II.

"The public policy of Virginia requires that before a spouse may obtain a divorce, he or she must prove the grounds therefor and no complaint for divorce shall be defaulted, taken for confessed, or granted upon the pleadings or upon uncorroborated testimony. Code § 20-99(1), (2) and (3)." Clark v. Clark, 11 Va. App. 286, 296, 398 S.E.2d 82, 88 (1990).

There is no evidence in the record corroborating the allegations in husband's bill of complaint. We find no error in the trial court's denial of his pleading.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.