ELIZABETH CHUDNOWSKY, Respondent, v. RE-Mo HOLDING CORPORATION et al., Appellants.

First Department, June 30, 1948.

*Louis Susman* of counsel (*Harold A. Diamond,* attorney), for appellants.

*Murray A. Gordon* of counsel (*Herbert J. Fabricant* with him on the brief; *Rogge, Fabricant, Gordon & Goldman,* attorneys), for respondent.

CALLAHAN, J.  The plaintiff has brought this action to recover damages for fraud and deceit based on a claim of false representations inducing a purchase of real property.

The essence of the plaintiff's complaint is that the defendants represented certain repairs to have been made to one of the walls of the building on the premises, when in fact no such work had been performed.  The plaintiff alleges that the false representations were made at the time of the execution of the contract of sale.  It is claimed that in response to the plaintiff's inquiry as to the maturity date of a first mortgage encumbering the premises the defendants just prior to the signing of the contract produced an extension agreement that contained a provision imposing an obligation on the corporate defendant as owner of the property to make certain repairs in a manner satisfactory to the holders of the mortgage, and including: " 9. Shoring and straightening of wall of Line D on all five floors.  10.  Repair

all cracks in foundation wall." The plaintiff asserts that the defendants falsely represented this work to have been fully and satisfactorily completed, and a letter from the agent of the mortgagees to the defendant corporation was produced, stating as follows: "As a result of an inspection on September 15, 1941, our inspector reports that all the repairs which you agreed to make in connection with your mortgage extension agreement have been satisfactorily completed."

It should be noted that the plaintiff made no attempt to show that this letter had not been sent or that it was unauthorized, nor is there any claim that the mortgagees were not satisfied with the manner in which the repairs were made. There was likewise no attempt on the plaintiff's part to prove an express representation by the defendants that the repair work had been done in any particular manner.

One of the witnesses for the plaintiff attributed the conditions in the building to unequal settlement caused by defects in the foundation. He testified that such conditions could be cured only "By getting underneath the building and installing suitable foundations under that portion or portions of the building." The performance of this work would involve " shoring " to support the building while the repairs to the wall and foundation were made. The plaintiff in purported explanation of the " shoring " operation offered testimony to the effect that this required holding up the building by means of temporary supports while doing something underneath the structure or performing other work to remedy the condition necessitating the use of " shoring ", and that the operation entailed underpinning, pile driving, etc. The plaintiff's experts also testified that none of the repairs to the wall had been performed as required by the mortgage extension agreement aforesaid. On the other hand, the defendants' witnesses gave testimony tending to contradict and offset the testimony of the plaintiff's experts. The issues as to what was involved in " shoring " the wall and making the repairs were submitted to the jury. The proof of fraud was made to rest on the jury's selection of which set of experts it chose to believe.

The fact of the matter is that the building wall had been repaired by filling the cracks and doing other necessary work to the satisfaction of the mortgagees and the public authorities, so that a violation filed against the premises had been removed. No claim was ever made by the mortgagees at any time concerning the inadequate performance of this work. Further, the

mortgagees never made any demand upon the plaintiff for the making of the repairs in question or any other repairs at any time after conveyance of the property. In addition, it also appears that negotiations subsequently conducted with the mortgagees looking towards a further extension of the mortgage failed of consummation not because of the repairs made to the building or any dissatisfaction on the part of the mortgagees, but because of a refusal by the then owner of the property to make a satisfactory payment in reduction of the principal.

A necessary element of actionable fraud is knowledge of the falsity of the representations on the part of the person charged with the fraud. It must be remembered that the defendants were not engineers possessed of expert knowledge in the matter of building construction. They simply undertook to have certain work done to the satisfaction of the mortgagees ordering the same. They represented that such work had been performed, but not that it had been done in any particular manner.

Indeed, we may also note in passing what appears to be an element of contradiction implicit in the plaintiff's recovery based on a theory that shoring and straightening the wall meant, in effect, the construction of a new foundation and the provisions of item 10 in the mortgagees' specifications requiring merely the repair of all cracks in the foundation wall.

We find no sufficient proof of *scienter* or guilty knowledge chargeable to the defendants in this case. All the elements of fraud are required to be established by clear and convincing evidence. Here the proof of falsity and *scienter* rested solely on contradictory opinion evidence as to how certain repairs should have been made and the meaning of technical terms neither expressed by any oral or written declarations of the defendants nor by the ordinary signification of the words. We do not consider that a charge of fraud may be established by such tenuous proof.

In view of our conclusion that the complaint must be dismissed for insufficiency of proof establishing fraud on the part of the defendants, it becomes unnecessary to discuss other grounds which in our opinion would require a reversal of the judgment in favor of the plaintiff.

The judgment and the order appealed from should be reversed, with costs to the appellants, and the compalint dismissed, with costs.

Cohn, J., (dissenting). I dissent and vote to affirm. There was an issue of fact as to whether defendants were guilty of

fraudulent misrepresentation. Though upon the conflicting evidence the jury may have reached a different conclusion, that is no ground for reversing a judgment based upon questions of fact. Two juries have already found in plaintiff's favor. The verdict and the judgment should not be disturbed.

PECK, P. J., GLENNON and SHIENTAG, JJ., concur with CALLAHAN, J.; COHN, J., dissents and votes to affirm, in opinion.

Judgment and order reversed, with costs to the appellants and the complaint dismissed, with costs. Settle order on notice.