Eder, J.
Motion is granted. The defendants apply for an order vacating a judgment entered in this action in favor of the plaintiff and directing that the clerk of this court mark such vacatur upon all his indices where a record thereof may appear.
Plaintiff sued to recover damages for fraud and misrepresentation. She recovered a judgment, upon verdict, for the sum of $10,193.58. An appeal was taken to the Appellate Division which tribunal reversed the judgment and dismissed the complaint (274 App. Div. 192). Plaintiff thereupon appealed to the Court of Appeals, which reversed the judgment of the *1027 Appellate Division and ordered a new trial upon the ground that questions of fact were presented as to whether the defendants were guilty of making false representations, as alleged in the complaint (298 N. Y. 904). By order of this court the judgment and order of the Court of Appeals were made the order of this court.
The judgment which was entered in favor of the plaintiff and against the defendants was never vacated by reason of the fact that after the decision of the Appellate Division the plaintiff appealed to the Court of Appeals.
Movants state that in view of the fact that a new trial has been ordered by the Court of Appeals, the said judgment should not stand and requests an order vacating the same and that the clerk of this court be directed to indicate upon his records the fact that the judgment has been vacated, with a proper reference to said order.
Although the question here in concern is an important one, counsel have submitted no brief to aid the court, necessitating independent research by the court.
The plaintiff argues in opposition that there is no statutory basis in the Civil Practice Act, nor do the Buies of Civil Practice or the inherent jurisdiction of this court authorize a motion to vacate the judgment under the circumstances of the instant case; that a judgment may be vacated either upon the ground of irregularity or an error in fact which does not appear in the record or lack of jurisdiction in the court rendering the judgment, and that none of the aforesaid grounds exist here.
It is further argued that under section 498 of the Civil Practice Act, wherein a minute of the judgment of reversal is entered by the clerk of this court, the record provides all the protection to which the defendants are entitled if it notes the judgment of reversal. It is then argued, as follows: “ If the judgment is vacated the effect is as if the judgment of this court had never been rendered. This presupposes that the judgment in plaintiff ’s favor was either void or voidable. Consequently the record is complete and sufficient if it reflects a reversal of the judgment in favor of the plaintiff.”
This argument and the premise thus advanced are viewed as unpersuasive.
Section 498 of the Civil Practice Act, which authorizes, as therein provided a minute entry upon the clerk’s docket of a reversal of a judgment has no application here, which is a motion to vacate the judgment of record.
*1028 There is an obvious difference between a mere docket entry that a judgment has been reversed and a complete vacation of the judgment. In the one instance the judgment still remains one of record and may affect the title in case of contract of sale, whereas in the second instance, there remains no judgment at all.
The allusion to section 498 serves no purpose whatever with respect to the effect of a reversal or to the power of the court to vacate the same, in toto, upon reversal.
These are the basic questions to be determined, with respect to which no aid is furnished by counsel.
As to the effect of a reversal the' general rule is that the judgment, order or decree reversed is as if it had never been rendered or existed.
Thus in Hayden v. Florence Sewing Mach. Co. (54 N. Y. 221, 224) it is said: “ The reversal simply placed the parties # * where they were before the proceedings were instituted. The adjudication, upon whatever ground it was reversed, was wiped out ”.
Judge Bischoff, writing for the Court of Common Pleas, in Devlin v. Mayor of City of New York (4 Misc. 106, 119) said: “ The reversal of the former judgment'had the effect of relegating the parties to precisely where they stood at the time of the first trial ”.
In Freeman on Judgments (Vol. 2 [5th ed.], § 1167), speaking of the effect of a reversal, the rule, supported by cases cited in the footnote, is set forth,- as follows: “ The reversal of a judgment by any competent authority restores the parties litigant to the same condition in which they were prior to its rendition.”
And it is there also stated that the judgment reversed becomes utterly without effect and that the parties to it are allowed to proceed in the court below to obtain a final determination of their rights in the same manner and to the same extent as if their cause had never been heard or decided by any court.
In Corpus Juris (Vol. 4, Appeal and Error, § 3249) the following is set forth as the rule established by the cases: “ The effect of a general and unqualified reversal of a judgment, order, or decree is to nullify it completely and to leave the case standing as if such judgment, order, or .decree had never been rendered.”
The net legal effect then, if the judgment is permitted to stand and remain on the judgment docket of the clerk, is to sanction an entry of a recovery by plaintiff against the defendants, which, in truth, and in law, is not so; and to permit its docketing and *1029 entry to remain as a cloud on title or to affect the title by reason thereof is a manifest injustice and wrong.
No court should countenance such a course or permit its records to state an untruth. It is much more important, and, indeed, highly so, that public records shall state the truth, than to have them, by technicality, or ingenious theory of reasoning, state a half-truth or create uncertainty or confusion.
The record should state the simple truth.
As to the power of the court to order the judgment docket to state the truth, it is well established.
The power exists in the court to correct its record so that it shall conform to the actual facts and truth and this power is inherent and not dependent upon statutory grant and such power is not lost by lapse of time in the absence of a statutory limitation (Bohlen v. Metropolitan Elevated Ry. Co., 121 N. Y. 546). In the Bohlen case (supra, p. 550) the court said: “ I am not aware that the courts have ever been denied the inherent power to correct their records * # * in order to conform the record to the truth ”.
And further said (p. 551): “ The question is not one of terms, or of sessions of the court.” (See, also, Hodgkins v. Mead, 119 N. Y. 166; Altman v. Hofeller, 137 N. Y. 619; 15 C. J., Courts, pp. 975-977.)
For the reasons stated, the motion is granted. Settle order.