## Richmond

CEDRIC SKOVAL WILLARD v. THE AETNA CASUALTY AND SURETY COMPANY.

January 15, 1973.

Record No. 7967.

Present, All the Justices.

*William F. Stone, Jr. (William F. Stone; David B. Worthy; Stone, Joyce, Worthy & Stone,* on brief), for plaintiff in error.

*J. R. Canterbury (Kime, Jolly, Clemens & Canterbury,* on brief), for defendant in error.

SNEAD, C. J., delivered the opinion of the court.

Cedric Skoval Williard, plaintiff, filed a motion for judgment against The Aetna Casualty and Surety Company (Aetna), his automobile liability insurance carrier, for damages resulting from personal injuries he sustained in an accident which occurred on Route No. 220 in Henry County, Virginia.

It was alleged in the motion that on December 19, 1969, "an unidentified motorist was operating a Ford pick-up truck in the same

direction as the plaintiff and did negligently, recklessly and carelessly operate said . . . truck into the . . . Buick automobile operated by the plaintiff, causing the said Buick automobile to go out of control, leave the traveled portion of the highway, and causing severe and permanent injuries to the plaintiff."

It was further alleged that plaintiff's vehicle was covered by the "Family Protection" uninsured motorist provision in a policy that was issued to him by Aetna in North Carolina. The record shows that plaintiff paid a premium for this coverage. At the time of the accident, he was a resident of North Carolina where his insured vehicle was principally garaged.

Aetna filed a demurrer to the motion for judgment. After hearing argument, the trial court sustained the demurrer and dismissed the action on the ground that plaintiff had not "stated a cause of action cognizable under applicable law in this Court." Plaintiff has assigned error to the court's ruling.

The critical question presented under the assignment of error is whether Aetna is subject to a direct suit in a Virginia court by its insured, Willard, before the liability of the unknown motorist is litigated and determined.

Under Virginia law, Aetna would not be subject to an action in contract on its uninsured motorist endorsement until judgment in tort had been entered against the unknown defendant as "John Doe." See Code § 38.1-381(e); Rodgers v. Danko, 204 Va. 140, 143, 129 S.E. 2d 828, 830 (1963).

However, § 20-279.21(b) (3)b. of North Carolina General Statutes provides in part:

> "Where the insured, under the uninsured motorist coverage, claims that he has sustained bodily injury as the result of collision between motor vehicles and asserts that the identity of the operator or owner of a vehicle (other than a vehicle in which the insured is a passenger) cannot be ascertained, *the insured may institute an action directly against the insurer. . . .*" (Italics supplied.)

By statute, this section is written into every automobile liability policy issued in North Carolina. N.C.G.S. § 20-279.21(b)(3); *Lichtenberger* v. *American Motorists Insurance Co.*, 7 N.C. App. 269, 272, 172 S.E. 2d 284, 286 (1970).

In order to determine whether Williard can maintain his action, we must decide whether the North Carolina direct action provision

is substantive or procedural. In transitory actions, matters of substantive law are governed by the law of the place of the transaction, and matters of remedy and procedure are governed by the law of the place where the action is brought. *See Pritchard v. Norton*, 106 U.S. 124, 129 (1882); *State of Maryland v. Coard*, 175 Va. 571, 580-81, 9 S.E. 2d 454, 458 (1940). The court of the forum state determines according to its own conflict of laws rules whether a question of law is substantive or procedural. *Grain Dealers Mutual Insurance Co. v. Van Buskirk*, 241 Md. 58, 67, 215 A.2d 467, 472 (1965).

In our view, the direct action provision is an integral part of the statute. It goes to the very right of the action, and we hold that it is a matter of substantive law. *See Collins v. American Automobile Insurance Company*, 230 F.2d 416 (2d Cir. 1956), *cert. dismissed*, 352 U. S. 802 (1956); *Oltarsh v. Aetna Insurance Company*, 15 N.Y. 2d 111, 204 N.E. 2d 622 (1965). *See generally Annot.*, 16 A. L. R. 2d 881 (1951).

Aetna argues that even if we hold that the direct action provision is substantive, we should not enforce the provision because it is contrary to the public policy of this state for the jury to be advised of the existence of insurance in tort actions.

Comity does not require the application of another state's substantive law if it is contrary to the public policy of the forum state. *See State of Maryland v. Coard, supra*, 175 Va. at 578, 9 S.E. 2d at 457. It is a well-grounded matter of public policy in Virginia that the mention of insurance coverage in liability cases is to be avoided in order to prevent bias or prejudice on the part of the jury, and deliberate injection of insurance may constitute reversible error. *See Travelers Insurance Company v. Lobello*, 212 Va. 534, 535, 186 S.E. 2d 80, 82 (1972); *Rinehart & Dennis Co. v. Brown*, 137 Va. 670, 120 S.E. 269 (1923). However, this is not a hard and fast rule, for mention of insurance may not be reversible error where there is an otherwise fair trial and substantial justice is done. *See Simmons v. Boyd*, 199 Va. 806, 812, 102 S.E. 2d 292, 296 (1958).

The public policy forbidding the mention of insurance is for the benefit and protection of the insurer, and it may be waived by the insurance company. In the case at bar, Aetna voluntarily issued the policy in which it agreed to be sued directly, and it knew that its insured might be involved in collision with an unknown motorist in Virginia. Under these circumstances, Aetna has no ground for complaint that its presence as an insurance company is made known to a jury in Virginia.

Additionally, Aetna suggests that the motion for judgment attempted to combine a tort action with a contract action on the insurance policy, contrary to "Virginia's public policy." The public policy of this state in this regard is not so compelling as to override the application of the North Carolina direct action provision.

Accordingly, we hold that the trial court erred in sustaining the demurrer and dismissing the action. The judgment will be reversed and the case remanded for further proceedings.

*Reversed and remanded.*