**FEDERAL INSURANCE COMPANY,**
Plaintiff,

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Lewis Donald Peterson and Clifford V. Peery, Defendants.**

**Civ. A. No. 77–0473.**

United States District Court,
W. D. Virginia,
Abingdon Division.

April 7, 1978.

William W. Eskridge, Penn, Stuart, Eskridge & Jones, Abingdon, Va., for plaintiff.

N. D. Street, Grundy, Va., for Peterson.

Virgil M. Bowles, Memphis, Tenn., John L. Bagwell, Grundy, Va., for Nationwide.

Dennis L. Babb, Knoxville, Tenn., C. B. Flannagan, II, Bristol, Va., for Peery.

## OPINION AND ORDER

GLEN M. WILLIAMS, District Judge.

Plaintiff, Federal Insurance Company (hereinafter, "Federal"), a corporation which is incorporated under the laws of the State of New Jersey and has its principal place of business in the State of New York, brings this diversity action against the following defendants: Nationwide Mutual Insurance Company (hereinafter "Nationwide"), a corporation which is incorporated and has its principal place of business in the State of Ohio; Louis Donald Peterson, a citizen and resident of the Commonwealth of Virginia; and Clifford V. Peery, a citizen and resident of the State of Tennessee. The amount in controversy exceeds the sum of $10,000.00, exclusive of interest and costs. Jurisdiction of this court is founded on diversity of citizenship and amount in controversy.

The facts show that on November 10, 1976, defendant Peterson, a Virginia domiciliary, was injured in Grundy, Virginia when struck by a car operated by defendant Peery, a Tennessee domiciliary. Nationwide, Peery's liability insurer, has denied coverage on the ground that Peery did not give Nationwide notice of the accident "as soon as practicable." Federal Insurance Company was the injured Peterson's uninsured motorist carrier. The insurance contract between Peery and Nationwide was made in Tennessee.

Nationwide states that they did not receive notice from Peery of the abovementioned accident until April 1, 1977 when a notice of loss form was filed. Donald Peterson of Grundy, Virginia was listed on this form as the claimant. On or about April 8, 1977 Nationwide executed a non-waiver agreement with Peery. On May 16, 1977 Nationwide sent Peery a reservation of rights letter. On July 28, 1977 Peterson and his attorney were first notified of the existence of Nationwide's defense to liability under the policy. On September 28, 1977 plaintiff was served with a notice of motion for judgment in an action at law in the Circuit Court of Buchanan County styled *Louis Donald Peterson v. Clifford V. Peery* regarding the November 10, 1976 accident. Federal now comes before this court seeking a declaratory judgment to ascertain Nationwide's obligation to defend its insured and pay any judgment which may be entered against Peery in said action in the Circuit Court of Buchanan County, Virginia.

The court submitted certain factual issues to a jury, which returned a special verdict by which it was determined that Peery did not give his insurer, Nationwide, notice of the accident "as soon as practicable". The jury also found that Nationwide

was prejudiced by Peery's delay in giving notice. In view of this jury verdict, the court must now determine which law governs Peterson's rights against Nationwide. Nationwide contends that the ramifications of Peery's failure to give notice are controlled by Tennessee law in this case, while Federal maintains that certain Virginia law is applicable.

It is well-established by Tennessee courts that proper notice of an accident is a condition precedent to the right of recovery. *Barfield v. Insurance Company of North America,* 59 Tenn.App. 631, 443 S.W.2d 482 (1968); *Sohm v. United States Fidelity and Guaranty Co.,* 352 F.2d 65 (6th Cir. 1965). Therefore, if Tennessee law governs, it is clear that Nationwide, in view of the jury verdict, is not obligated to defend or pay any judgment in the abovementioned suit brought by Peterson. However, by statute in Virginia, even if proper notice of the accident was not given "as soon as practicable", Nationwide was under a duty to notify the claimant Peterson within twenty days of its intention to rely on the defense of lack of notice. Section 38.1–389.1 Code of Virginia (1950) provides that when an "insurer on a policy of liability insurance discovers a breach of the terms or conditions of the insurance contract by the insured and such insurer intends to rely on such breach in defense of liability for any claim within the terms of such policy, such insurer shall notify the claimant or claimant's counsel of record of its intention to rely on such defense within twenty days after [the] discovery by the insurer or any of its agents of the breach or of the claim, whichever is later. . . . Failure to serve such notice within such time will result in a waiver of such defense to the extent of such claim by operation of law." Since no such notice was given Peterson within twenty days, Nationwide has not complied with Virginia law.

The question to be resolved by the court is whether the law that governs this case is that of the state where the contract was made or that of the state where the accident occurred. This is an issue of first impression in this jurisdiction. If this suit involved nothing more than construction of the policy between the insured and insurer on the issue of proper notice of the accident, then the policy would be construed according to the *lex loci contractus*. However, when a third party has been injured in an accident in Virginia, public policy in Virginia demands that potential claimants be notified when liability insurers intend to deny coverage to their insureds. If an insurer can require the insured to give prompt notice of an accident, it is certainly reasonable that a state can, as a part of its public policy, require the insurer to give notice of a policy defense to the injured claimant, particularly to a third party injured by the insured.

7 Am.Jur. (2d) Automobile Insurance Section 215 states as follows:

> There is also authority to the effect that while the place of making the contract governs the construction and interpretation of automobile insurance policies as between the insured and the insurer, the rights of the injured party as against the insurer are governed by the law of the place where the accident occurred . . .

See also, *Watson v. Employers Liability Assur. Corp.,* 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74 (1954); *Myers v. Government Employees Ins. Co.,* 302 Minn. 359, 225 N.W.2d 238 (1974); *Churchman v. Ingram,* La.App., 56 So.2d 297 (1951). Although the foregoing authorities relate to direct actions against insurers, the principle is nevertheless appropriate in suits where the insurer is required to defend its insured.

Furthermore, it is well established that while a particular forum applies the substantive law of a foreign state, it still applies its own procedural law. Restatement (First) of Conflict of Laws § 585 (1934); *Baise v. Warren,* 158 Va. 505, 164 S.E. 655 (1932). Whether a particular law is substantive or procedural is determined by the law of the forum. *Willard v. Aetna Cas. & Surety Co.,* 213 Va. 481, 193 S.E.2d 776 (1973). The public policy of Virginia as set forth in Section 38.1–389.1 is clearly procedural and the court so holds. This

Section does not affect the contractual relation between the insured and the insurer, rather it requires the insurer to give notice to the claimant when coverage is denied for breach of contract. Thus, Nationwide's failure to give Peterson notice of their defense against Peery within twenty days constitutes a waiver of such defense as against Peterson. The statute was intended to cover situations identical to the present case. The insurer can prevent, without difficulty, a claimant's wasting of finances and time pursuing a judgment that later proves to be uncollectible. Virginia, through this statute, has manifested a legitimate interest in safeguarding the rights of persons injured within her boundaries.

For the foregoing reasons, the court finds that the law of Virginia applies to this controversy and therefore, Nationwide is obligated to pay up to the amount its policy limits, any judgment entered against its insured in said action.