## CIRCUIT COURT OF CHESTERFIELD COUNTY

Stutts

v.

Colonial Insurance
and John Doe

November 27, 1989

Case No. CL 89-222

By JUDGE HERBERT C. GILL, JR.

Upon consideration of the argument presented and the memoranda submitted, the demurrer is sustained and the action dismissed. Counsel for defendants is directed to draft an Order in accordance with this letter opinion.

The Court specifically rules:

1. Whether plaintiff sufficiently pleaded facts upon which a cause of action may be based is not a procedural issue.

2. Virginia choice of law dictates that North Carolina law controls as the claim sounds in tort.

3. Virginia public policy does not require application of Virginia law.

4. Plaintiff's failure to allege "contact" is fatal on demurrer.

Plaintiff's claim arises from an auto accident which occurred in North Carolina. Plaintiff is a resident of Virginia and seeks recovery pursuant to the uninsured motorist provision which complies with § 38.2-2206 of the Virginia Code. Plaintiff alleges injury as the result of an unknown motorist's negligent conduct. Plaintiff does not assert that the car driven by the unknown motorist collided with plaintiff's car. Plaintiff alleged:

a motor vehicle suddenly and without notice pulled into plaintiff's lane of travel. To avoid striking this second vehicle, the plaintiff took emergency action and swerved to the left. As a result, the plaintiff's vehicle turned over.

North Carolina law requires "physical contact" in a suit against an unknown motorist. *See* N.C. Gen. Stat. Section 20-279.21(B)(3)(b). Virginia law does not require such. *See* § 38.2-2206 of the Virginia Code.

Defendants argue that North Carolina law controls because the sufficiency of a claim which under Virginia law sounds in tort is a substantive issue requiring application of the law where the cause of action arose, *i.e.*, where the alleged negligent conduct occurred. Therefore, defendants contend, the motion for judgment fails to state facts upon which relief may be granted. Plaintiff, in brief, cites *Hodgson v. Doe*, 203 Va. 938 (1962), and asserts that, although the appropriate choice of law in tort claims is generally the state where the cause of action arose, the Virginia Supreme Court has, in effect, created an exception in regard to an out-of-state uninsured motorist's claim.

Comity requires that substantive issues be determined by the law of the state where the cause of action arises as prescribed by the forum state's choice of law considerations while procedural matters are determined by the law of the forum. *Willard v. Aetna*, 213 Va. 481 (1973). However, "Comity does not require the application of another state's substantive law if it is contrary to the public policy of the forum state." *Id.*, 213 Va. 481 at 483 (1973), citing *State of Maryland v. Coard*, 175 Va. 571 (1940). The Court of the forum determines what is substantive or procedural. *Id.*, 213 Va. 481 (1973), citing *Grain Dealers Mutual Insurance Co. v. Van Buskirk*, 215 A.2d 467 (1965).

In a claim arising from an accident which occurred in Virginia, application of the North Carolina direct action provision was held to be a substantive matter as, "it goes to the very right of the action . . ." *Willard v. Aetna*, 213 Va. 481 (1973). Notice requirements of a policy defense to a third party injured by the insured

is, "clearly procedural." *Federal Ins. Co. v. Nationwide Mut. Ins. Co.*, 448 F. Supp. 723 (W.D. Va. 1978).

Plaintiff erroneously argues that the ruling in *Hodgson v. Doe*, 203 Va. 938 (1962), controls. The Court in *Hodgson* held that the plea of abatement challenging venue was properly overruled. The Court noted the procedural character of § 38.1-381(e), predecessor to § 38.2-2206(e), and concluded, "for the purpose of venue that the action may be treated as being against the real defendant." Thus the ruling does not reach the choice of law issue as presented by the matter pending before the Court.

Plaintiff's failure to allege "physical contact" precludes the action. North Carolina law applies. As in *Willard v. Aetna*, 213 Va. 481 (1973), application of the North Carolina "contact" provision addresses a substantive issue. Under Virginia law, "John Doe" actions require establishment of tort liability prior to the determination of the insurer's obligation under the policy and therefore, such an action sounds in tort and not contract. *Truman v. Spivey*, 225 Va. 274 (1983); *Rodgers v. Danko*, 204 Va. 140 (1963); *John Doe v. Brown*, 203 Va. 508 (1962). Questions of substantive law are governed by the law of the state where the tort occurred. *McMillan v. McMillan*, 219 Va. 1127 (1979). The accident, as alleged, occurred in North Carolina.