David B. Buchanan

v.

John Doe

### April 17, 1992

BY JUDGE DUNCAN M. BYRD, JR.

This matter was heard by the Court upon the defendant's Motion for Summary Judgment on March 20, 1992. At the conclusion of the hearing, the Court reserved judgment pending a review of the respective Memorandum of counsel. Subsequent to the hearing, the Court has received correspondence from the counsel for the defendant dated March 23, 1992, and correspondence from counsel for the plaintiff dated March 27, 1992.

The facts in this case, even though they are not in dispute, are as follows.

On June 9, 1989, while the plaintiff was driving his motor vehicle on U.S. Route 220 between Petersburg and Moorefield, wholly within the state of West Virginia, a vehicle driven by an unknown operator ran his vehicle off the road. The plaintiff has admitted that to the best of his knowledge at the time his vehicle was run off the road on June 9, 1989, causing the injuries complained of in his Motion for Judgment, no physical contact occurred between the motor vehicle driven by the plaintiff or the body of the plaintiff and the motor vehicle driven by the unknown operator, which motor vehicle ran the plaintiff's motor vehicle off the road. The plaintiff has further admitted that he is in possession of no evidence which would contradict the foregoing.

The Motion for Summary Judgment presents a rather complicated conflict of laws issue. The Court agrees with counsel for the defendant that the case of *Stutts v. Colonial Insurance*, 18 Va. Cir. 287 (1984), is clearly on point with regard to this issue.

Virginia law is consistent in dealing with multi-state tort claims. The Virginia court follows the "Place of the Wrong Rule" requiring that substantive rights of the parties in a multi-state tort action be governed by the law of the place of the wrong. *McMillan v. McMillan*, 219 Va. 1127, 1128 (1979). The court in *McMillan* rejected the contrary policies in many other states and in the Restatement (Second) Conflicts of laws, Sections 145, 169 (1971), which called for a "most significant relationship" test to determine what law should govern substantive rights. *McMillan* at 1129. Despite criticism and contrary practices in other states, *McMillan* remains the law in Virginia. Rendleman, *McMillan v. McMillan*: Choice of Law in a Sinkhole, 67 Va. L. Rev. 315 (1981).

In contrast, the West Virginia conflicts of law rule regarding multi-state tort cases is unclear and inconsistent. This confusion is illustrated by the two West Virginia cases, *Perkins v. Doe*, 350 S.E.2d 711 (W. Va. 1986), and *Lee v. Saliga*, 373 S.E.2d 354 (W. Va. 1988), cited by the parties in the instant case and is apparently typical of a line of cases indicating the hostility of the majority of the [West Virginia] Court to the legislative policy behind the physical contact requirement of West Virginia's statute (uninsured motorist coverage). The statute seems to give insurance companies more protection than necessary from collusive lawsuits. Jackson, "No Place Like Home: Public Policy and Prudent Practice in the Conflict of Laws," 90 W. Va. L. Rev. 1195, 1220 (1988).

As a result of this confusion and inconsistent West Virginia policy on choice of law in these type cases, it is difficult for the Court in this case to conclude exactly what the West Virginia law is on this subject.

On the other hand, Virginia law is clear.

> John Doe actions require establishment of *tort liability* prior to the determination of the insurer's obligation under the policy, and therefore, such an action sounds in tort and not contract.

*Stutts* at 289; *Truman v. Spivey*, 225 Va. 274, 278 (1983).

In the Court's view, the issue is controlled by the underlying threshold issue of whether the case sounds in tort or contract. This threshold issue is one of procedure.

> In transitory actions, matters of substantive law are governed by the law of the place of the transaction, and matters

of remedy and procedure are governed by the law of the place where the action is brought. *See, Pritchard v. Norton*, 106 U.S. 124, 129 (1882); *State of Maryland v. Coard*, 175 Va. 571, 580–81, 9 S.E.2d 454, 458 (1940). The court of the forum state determines according to its own conflict of laws rules whether a question of law is substantive or procedural. *Grain Dealers Mutual Insurance Co. v. Van Buskirk*, 241 Md. 58, 67, 216 A.2d 467, 472 (1965).

*Willard v. Aetna*, 213 Va. 481, 483 (1973).

Clearly under Virginia law, procedurally, a John Doe action sounds in tort and not contract. *Truman v. Spivey*, 225 Va. 274 (1983); *Rogers v. Danko*, 204 Va. 140 (1963); *John Doe v. Brown*, 203 Va. 508 (1962); *Stutts v. Colonial Insurance*, 18 Va. Cir. 287 (1989).

Having reached this conclusion, the Court must look to the *substantive tort law* of the "place of the wrong," *lex loci delicti*, West Virginia. The West Virginia *substantive tort law* required "physical contact." *Willard v. Aetna*, 213 Va. 481 (1973); *Stutts v. Colonial Insurance*, 18 Va. Cir. 287 (1989). Since there is no material fact genuinely in issue on this question, specifically, there is no factual dispute that there was no physical contact in this case, therefore, the defendant's Motions for Summary Judgment should be sustained.