Present:  Hassell, C.J., Lacy, Koontz, Kinser, Lemons, and Agee, JJ., and Russell, S.J.

SHERMAN DREHER, ET AL.

v.  Record No. 052508  OPINION BY JUSTICE CYNTHIA D. KINSER
                                        September 15, 2006
BUDGET RENT-A-CAR SYSTEM, INC., ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge


This appeal presents a choice of law question in the context of two personal injury actions.  We must decide whether a New York statute, which imposes vicarious liability on the owner of a vehicle for death or injuries caused by the negligence of a person operating the vehicle with the owner's permission, is a matter of tort, meaning Virginia's substantive law applies, or a matter of contract, meaning the New York statute applies.  Because we conclude the latter, we will reverse the circuit court's judgment applying Virginia substantive law and holding that two vehicle rental companies would have no vicarious liability based on their ownership of a vehicle involved in an automobile accident in Virginia.

FACTS AND PROCEEDINGS[1]

_____

[1]  Since the circuit court decided the cases on demurrers, we recite the facts as alleged in the pleadings. Fuste v. Riverside Healthcare Ass'n., 265 Va. 127, 129, 575 S.E.2d 858, 860 (2003).

Sherman Dreher, while operating an automobile in which his wife, Chrisceia Dreher, was a passenger (collectively the Drehers), was involved in an accident with Leonard Saunderson.  The accident occurred in Virginia Beach, and the Drehers are both Virginia residents.  Saunderson was operating a rental vehicle owned by Budget Rent-A-Car System, Inc., a New Jersey company, and Cendant Car Rental Group, Inc., a New York company (collectively, the Owners).  The automobile was rented pursuant to a written contractual agreement entered into in New York.[2]

The Drehers allegedly sustained personal injuries as a result of the automobile accident.  They each filed a separate motion for judgment against the Owners, alleging that, "pursuant to the law of New York, [the Owners are] responsible for the negligence of . . . Saunderson, as the owner, operator, and rentor of the vehicle . . . operated by Saunderson."[3]  The Drehers based their claim against the Owners on a New York statute that states:

---

[2]  The pleadings do not disclose whether the rental vehicle was registered in New York.  Therefore, we express no opinion whether the result in this case would be different if in fact the rental vehicle was not registered in New York.

[3]  Originally, Cendant Corporation was named as a defendant in each action.  The correct corporate entity is Cendant Car Rental Group, Inc.  The circuit court entered an order in each action allowing the substitution of parties.

Every owner of a vehicle used or operated in [New York] shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.

N.Y. Veh. & Traf. Law § 388(1) (McKinney 1996 & Supp. 2004) (hereinafter, N.Y. Veh. & Traf. Law will be referred to as N.Y. Law).

The Owners demurred to each action, arguing that, since the automobile accident occurred in Virginia, the choice of law rules of Virginia applied. Continuing, the Owners asserted that, under those rules, Virginia's substantive law governed issues of tort liability in the actions, including any claim of vicarious liability. Therefore, according to the Owners, the Drehers, as residents of Virginia who were injured in an accident occurring in Virginia, could not recover against the Owners for the negligence of Saunderson unless some type of agency relationship existed between the Owners and Saunderson. Since the Drehers did not allege any such agency relationship in their respective motions for judgment, the Owners asked the circuit court to grant the demurrers and dismiss the actions. The circuit court agreed, sustaining the demurrers and dismissing the actions with prejudice.

In a letter opinion, the circuit court recognized that it had to apply Virginia's choice of law rules since the Drehers filed their respective actions in the Commonwealth. The circuit court further recognized that Virginia adheres to the doctrine of lex loci delicti, meaning tort liability depends on the law of the place of injury. Thus, the circuit court concluded that, under Virginia's choice of law rules, "the substantive law of Virginia would apply and the [Owners] would have no vicarious liability to the [Drehers] based upon the ownership or the permissive use of the vehicle involved in the accident." The Drehers appeal from the circuit court's judgment.[4]

ANALYSIS

On appeal, the Drehers assert that the circuit court erred by sustaining the Owners' demurrers and concluding that Virginia law, as opposed to New York law, determines whether the Owners are vicariously liable to the Drehers for Saunderson's negligence in operating the Owners' vehicle. "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof. We accept as true all facts properly pleaded . . . and all reasonable and fair inferences that may be drawn from those facts."

_____

[4] The Drehers' cases were consolidated on appeal pursuant to Rule 5:17(d).

4

Glazebrook v. Board of Supervisors, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Because the decision whether to grant a demurrer involves issues of law, we review the circuit court's judgment de novo. Id.

Resolution of this appeal turns on Virginia's choice of law rules. The parties agree that, since the Drehers filed their actions in Virginia, we apply Virginia choice of law provisions in deciding whether the liability imposed by virtue of N.Y. Law § 388(1) is a matter of tort or contract. See Buchanan v. Doe, 246 Va. 67, 71, 431 S.E.2d 289, 291 (1993) ("The forum state applies its own law to ascertain whether the issue is one of tort or contract."). The parties also agree that, if the Owners' alleged liability under N.Y. Law § 388(1) is a matter of tort, Virginia applies the doctrine of lex loci delicti, meaning the law of the place of the wrong governs all matters related to the basis of the right of action. Jones v. R.S. Jones & Assocs., 246 Va. 3, 5, 431 S.E.2d 33, 34 (1993); see also McMillan v. McMillan, 219 Va. 1127, 1128, 253 S.E.2d 662, 663 (1979) (explicitly rejecting other choice of law doctrines). If, however, the Owners' alleged liability is a matter of contract, the law of the place where the contract was formed applies when interpreting the contract and determining its nature and validity. Woodson

5

v. Celina Mut. Ins. Co., 211 Va. 423, 426, 177 S.E.2d 610, 613 (1970); accord Buchanan, 246 Va. at 70, 431 S.E.2d at 291. Thus, the question before us is whether the Owners' alleged liability under N.Y. Law § 388(1) is a matter of tort or a matter of contract.

Under Virginia's substantive law regarding tort liability, an automobile owner is not vicariously liable for the negligence of another person simply because the negligent party was operating the vehicle with the owner's permission. See Lumbermens Mut. Cas. Co. v. Indemnity Ins. Co., 186 Va. 204, 208, 42 S.E.2d 298, 300 (1947). Instead, an owner of a vehicle is liable for an operator's negligence only in certain circumstances. See, e.g., Hack v. Nester, 241 Va. 499, 503, 404 S.E.2d 42, 43 (1990) (owner is liable if he negligently entrusts his vehicle to another individual); Abernathy v. Romaczyk, 202 Va. 328, 332, 117 S.E.2d 88, 91 (1960) (vicarious liability imposed when master-servant relationship exits if the servant was acting within the scope of employment).

In contrast, the provisions of N.Y. Law § 388(1) make "[e]very owner of a vehicle used or operated in [New York] liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, . . . by any person using or operating the

same with the permission, express or implied, of such owner." The statute imposes vicarious liability upon an owner of a vehicle. Nelson v. Garcia, 548 N.Y.S.2d 963, 964 (N.Y. App. Div. 1989); see also ELRAC, Inc. v. Ward, 748 N.E.2d 1, 6 (N.Y. 2001) (N.Y. Law § 388(1) "altered the common-law rule that an owner of a vehicle was liable for injuries caused by its operation only if it was driven personally by the owner or his agent"). The liability imposed under N.Y. Law § 388(1) applies to companies, such as the Owners, who are in the business of leasing rental vehicles. ELRAC, 748 N.E.2d at 6. Furthermore, the provisions of N.Y. Law § 388(4) state "[a]ll bonds executed by or policies of insurance issued to the owner of any vehicle subject to the provisions of this section shall contain a provision for indemnity or security against the liability and responsibility provided in this section."

The Drehers argue that N.Y. Law § 388 is an extra-territorial financial responsibility statute akin to Virginia's uninsured motorist statute. See Code § 38.2-2206. Thus, they assert that the liability imposed upon vehicle owners by virtue of N.Y. Law § 388(1), and the requirement in subsection 4 that policies of insurance provide coverage against the liability created in the statute, follow a vehicle wherever it goes. Relying on

7

this Court's decision in Buchanan, the Drehers also assert that New York's imposition of liability upon owners of vehicles is a contractual provision imposed by statute like the physical contact requirement at issue in Buchanan, and that the New York statute creates a substantive right of action. Therefore, according to the Drehers, the circuit court erred by failing to apply the substantive law of New York.[5]

The Owners, however, contend that the decision in Buchanan is inapposite because that case involved a coverage dispute between an insured and his insurer arising out of their contractual relationship; whereas, the Drehers and the Owners have no contractual relationship. Because Virginia steadfastly adheres to the doctrine of lex loci delicti, the Owners contend that the Drehers are attempting to recast their Virginia tort claims into New York contract claims. The Owners also urge the Court to follow the

---

[5] While the Drehers point to other courts that have applied N.Y. Law § 388(1), those courts did so under choice of law doctrines different than Virginia's. See, e.g., Garcia v. Plaza Oldsmobile Ltd., 421 F.3d 216, 221 (3d Cir. 2005) (under Pennsylvania's governmental interest test, New York was the interested jurisdiction and therefore the Pennsylvania court would apply N.Y. Law § 388); McKinney v. S & S Trucking, Inc., 885 F.Supp. 105, 109 (D.N.J. 1995) (New Jersey follows the governmental interest test, and under that test, New York's contacts were greater and more significant, so N.Y. Law § 388 could be applied).

8

decision in <u>Kline v. Wheels by Kinney, Inc.</u>, 464 F.2d 184 (4th Cir. 1972), to resolve the issue before us.

Unlike the Owners, we are not persuaded by the decision in <u>Kline</u>. There, the plaintiff, Paul E. Kline, was involved in an automobile accident in North Carolina with "Miss McCorkle," (McCorkle) who was operating a vehicle she had rented in New York from Wheels by Kinney, Inc. (Kinney). <u>Id.</u> at 185. Kline was a resident of Virginia, and McCorkle was a resident of New York. <u>Id.</u> The vehicle McCorkle operated was "licensed and registered in New York," and Kinney admitted ownership of the vehicle and McCorkle's permissive use of it. <u>Id.</u> McCorkle was not, however, an agent or employee of Kinney. <u>Id.</u>

Kline filed an action in federal district court against Kinney and McCorkle and obtained a jury verdict against both. <u>Id.</u> In a motion to set aside the verdict, Kinney asserted that, since the accident occurred in North Carolina, the law of North Carolina applied, meaning that Kinney, as a non-present owner, could not be vicariously liable for McCorkle's negligence solely on her status as a permissive user of Kinney's vehicle. <u>Id.</u> at 185-86. The trial court disagreed with Kinney and concluded that N.Y. Law § 388(1) controlled. <u>Id.</u> at 186. The trial court reasoned that, since the lease agreement between Kinney and

9

McCorkle was entered into in New York, "the statute imposing absolute vicarious liability became a part of the contract." Id. The trial court thus concluded that "Kline's action against Kinney was contractual in nature and that under the law of North Carolina the law of the place of the contract should control," thereby making Kinney liable for McCorkle's negligence under N.Y. Law § 388(1). Id.

The United States Court of Appeals for the Fourth Circuit disagreed. Stating that N.Y. Law § 388(1) "is not focused on . . . leasing arrangements" but, instead, "is designed to impose liability upon the owner of any vehicle for injuries resulting from the negligent conduct of a permissive user," the appellate court concluded N.Y. Law § 388(1) is "an integral part of the New York law of torts independent of any contractual relationship." Id. Recognizing that North Carolina adhered to the doctrine of lex loci delicti, the appellate court held that, under North Carolina law, Kinney was not liable for McCorkle's negligence as a permissive user of Kinney's vehicle. Id. at 187.

We do not agree with the Fourth Circuit's view that N.Y. Law § 388(1) is purely a matter of New York tort law. Instead, we believe the New York statute resembles a

contractual provision imposed by statute designed to regulate the relationship between a vehicle owner and an individual operating the vehicle with permission. Thus, we find the rationale in Buchanan persuasive.

Buchanan, a resident of Virginia, was injured in an automobile accident that occurred in West Virginia when an unidentified truck driver forced Buchanan's vehicle off the road. Buchanan, 246 Va. at 69, 431 S.E.2d at 290. There was no contact between the two vehicles. Id. Pursuant to the provisions of his automobile liability insurance policy, which was issued in Virginia, and Code § 38.2-2206, Buchanan filed a personal injury action in Virginia against the truck driver as "John Doe." Id. at 69-70, 431 S.E.2d at 290. To pursue a John Doe tort action under West Virginia law, proof of physical contact with the John Doe vehicle was required. Id. at 70, 431 S.E.2d at 291. Neither Buchanan's uninsured motorist insurance coverage nor Virginia's uninsured motorist statute, however, required such contact between the two vehicles in order to maintain the John Doe action. Id. at 69, 431 S.E.2d at 290. Thus, a conflict of laws issue was raised, and "[t]he disagreement [was] whether the West Virginia proof-of-contact requirement [was] a matter of tort law controlled

11

by West Virginia law, or one of contract controlled by Virginia law." Id. at 70, 431 S.E.2d at 291.

Because Buchanan filed his action in Virginia, we applied the law of the Commonwealth as the forum state to resolve the disagreement. Id. at 71, 431 S.E.2d at 291. After explaining the difference between a tort and a contract, the Court noted that, while the substantive tort law of both states required a plaintiff to prove his injuries were caused by a defendant's negligence, the tort law of neither state required a plaintiff to prove physical contact in order to impose liability on a defendant. Id. at 71-72, 431 S.E.2d at 291-92. Further noting that the West Virginia proof-of-contact requirement neither imposed a duty upon a John Doe driver nor benefited a tortfeasor, we concluded the West Virginia "proof of contact requirement [was] a contractual provision imposed by statute." Id. at 72, 431 S.E.2d at 292. Since the uninsured motorist statutes in both Virginia and West Virginia "expressly condition[ed] recovery in John Doe cases upon compliance with their respective protective provisions," the Court did "not think what would otherwise be a contractual condition in the proof-of-contact requirement of the West Virginia [uninsured motorist] statute [was] converted into an element of John Doe's

12

breach of duty merely by providing that the contractual condition be fulfilled in the John Doe tort action." Id. at 73, 431 S.E.2d at 292; see also Willard v. Aetna Cas. & Sur. Co., 213 Va. 481, 483, 193 S.E.2d 776, 778 (1973) (applying North Carolina substantive law to an action involving an automobile accident that occurred in Virginia).

In the present case, the provisions of N.Y. Law § 388(1) impose liability upon an owner of a vehicle used or operated in New York for the death or injuries caused by the negligence of any person using or operating the vehicle with the owner's express or implied permission. The New York statute also requires every insurance policy issued to the owner of a vehicle subject to the liability created in N.Y. Law § 388(1) to "contain a provision for indemnity or security against" that liability. N.Y. Law § 388(4). Thus, the alleged liability of the Owners, and the mandated insurance coverage to protect them against that liability, are a direct function of the New York statute. The provisions of N.Y. Law § 388 are a matter of substantive law and go to the very right of action at issue in this appeal. See Willard, 213 Va. at 483, 193 S.E.2d at 778 (North Carolina statute allowing direct action against an

13

insurance company went to the right of action and was a matter of substantive law).

As in Buchanan, the New York statute itself imposes no duty on a tortfeasor, nor does it benefit any tortfeasor. Instead, N.Y. Law § 388 " 'is part of the legislatively prescribed system for protecting innocent victims of automobile accidents by assuring that there will be a financially responsible party who is available to answer in damages.' " Motor Club of America Ins. Co. v. Hanifi, 145 F.3d 170, 178 (4th Cir. 1998) (citation omitted). Like the court in Klippel v. U-Haul Co. of Ne. Mich., 759 F.2d 1176, 1183 (4th Cir. 1985), we believe that, by enacting N.Y. Law § 388, the "New York legislature intended to regulate the relationships between motor vehicle owners and their . . . permittees. Clearly[,] New York's legislature has the power to prescribe the terms and coverages of the liability insurance required of the owners of all motor vehicles registered in New York." The provisions of N.Y. Law § 388 are protective and impose "a contractual duty upon the [owner of a vehicle] having no relation to [the underlying] tort action." Buchanan, 246 Va. at 73, 431 S.E.2d at 292. We therefore conclude that the circuit court erred by applying Virginia's substantive law and holding that the Owners have no vicarious liability to the Drehers for the

14

alleged negligence of Saunderson in operating the Owners'
vehicle.

The principle of comity supports this result.

> There is no doubt that, in a general sense, a
> statute can have no operation beyond the state in
> which it is enacted.  But where a right to sue is
> given by statute in one state, we can see no good
> reason why an action to enforce that right should
> not be entertained in the courts of another
> state, on the ground of comity, just as if it
> were a common-law right . . . .

Maryland v. Coard, 175 Va. 571, 578, 9 S.E.2d 454, 457
(1940).  "Comity does not[, however,] require the
application of another state's substantive law if it is
contrary to the public policy of the forum state.  Willard,
213 Va. at 483, 193 S.E.2d at 778.

"The statutes of New York imposing a showing of
financial responsibility as a condition to the registration
and operation of motor vehicles express a strong public
policy that a person injured by the negligence of a driver
should have recourse to a defendant able to respond in
damages."  Allstate Ins. Co. v. Dailey, 367 N.Y.S.2d 87, 89
(N.Y. App. Div. 1975); see also Plath v. Justus, 268 N.E.2d
117, 118-19 (N.Y. 1971) (N.Y. Law § 388 is a financial
responsibility statute).  The New York legislature intended
this responsibility to extend extra-territorially.  Farber
v. Smolack, 229 N.E.2d 36, 39 (N.Y. 1967).  The provisions

15

of N.Y. Law § 388 have been viewed as showing a "commendable concern not only for residents of [New York], but residents of other States who may be injured as a result of the activities of New York residents." Tooker v. Lopez, 249 N.E.2d 394, 399 (N.Y. 1969).

While Virginia traditionally does not recognize the type of liability imposed by N.Y. Law § 388(1), the statute's application in this case does not offend our public policy, which, like New York's, favors compensation of innocent victims in automobile accidents. USAA Cas. Ins. Co. v. Hertz Corp., 265 Va. 450, 457, 578 S.E.2d 775, 778-79 (2003). Additionally, in this instance, our public policy as reflected in the common law regarding the scope of a vehicle owner's liability is not diminished because New York has statutorily imposed greater liability on its vehicle owners. See Garcia v. Plaza Oldsmobile Ltd., 421 F.3d 216, 223 (3d Cir. 2005). Even if the application of the New York statute was offensive, "[t]he public policy of [the Commonwealth] in this regard is not so compelling as to override the application of [N.Y. Law § 388]." Willard, 213 Va. at 484, 193 S.E.2d at 779.

Finally, the Owners were aware of their liability under N.Y. Law § 388(1). As Judge Butzner argued in his dissent in Kline, we do not believe the Owners should

16

receive "a windfall at [the Drehers'] expense because of the fortuitous site of the accident."  Kline, 464 F.2d at 190 (Butzner, J., dissenting).

CONCLUSION

For these reasons, we conclude that the circuit court erred in sustaining the Owners' demurrers.  Both Virginia's choice of law rules and the principles of comity require the application of New York's substantive law set forth in N.Y. Law § 388(1).  Therefore, we will reverse the judgment of the circuit court and remand the case for further proceedings.

Reversed and remanded.